Roberta Jean Galli RUSSELL and Keith and Myers, Appellants,

v.

William Lee RUSSELL, Appellee.

Court of Appeals of Kentucky.

April 25, 1980.

Discretionary Review Denied Oct. 7, 1980.

---

Milburn C. Keith, Daniel C. Hicks, Keith & Myers, Hopkinsville, for appellants.

J. D. Kemp, John W. Dixon, Jr., Turner, Dixon & Kemp, Hopkinsville, for appellee.

Before BREETZ, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Roberta Russell appeals from a judgment of the Christian Circuit Court determining that William Russell's military retirement pay was not marital property subject to division. She argues in the alternative that if it is determined that his pension is not a divisible marital asset, she is entitled to maintenance based on his ability to pay. She also contends that the trial court erred by failing to award her a fee for her attorney.

The Russells were married for more than 24 years. William is now retired from the United States Army. He receives a monthly retirement pension in the amount of $808.00. He is employed as a helicopter pilot for the Commonwealth of Kentucky and earns an additional gross salary of $1,338.00 per month. At the time of the dissolution, Roberta was earning $1,600.00 per month as an employee with the Department of the Army at Ft. Campbell, Kentucky. The trial court found both parties to be in good health and able to provide for their own reasonable needs.

The net marital estate was determined to be $47,273.49. Of that amount, Roberta received $25,431.74 and William received $21,841.75. The trial court specifically determined that the military retirement pay could not be considered part of the marital estate.

Whether any pension may be considered marital property has been considered in various cases on the basis of whether it was vested or nonvested at the time of dissolution, or whether it was contributory or noncontributory, and whether it was based on federal statutes, such as the Railroad Retirement Act. *Frost v. Frost*, Ky.App., 581 S.W.2d 582 (1979); *Ratcliff v. Ratcliff*, Ky.App., 586 S.W.2d 292 (1979); *Foster v. Foster*, Ky.App., 589 S.W.2d 223 (1979); and *Beggs v. Beggs*, Ky., 479 S.W.2d 598 (1972). This is our first confrontation with the question of whether a military retirement pension may be treated as marital property, divisible upon divorce.

We are not concerned with the problem of whether William's pension was vested or nonvested, or whether it was contributory or noncontributory. It was vested, and it was noncontributory in the sense that it had no cash value. It was accrued totally during the marriage. Normally, Roberta would be entitled to a share of a vested pension. We must conclude in this case,

however, that military retirement pay may not be considered as marital property which may be divided upon dissolution of a marriage.

Several jurisdictions have held that military retirement pay is community property, divisible upon divorce, rather than future income for the retiree. *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Civ.App.1972); *In re Marriage of Fithian*, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449 (1974); *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975), and *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659 (1977). These cases are persuasive, but they are not binding in this jurisdiction. Furthermore, other courts have rejected such reasoning and held that military retirement pay is not divisible property. *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976); *Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976), and *Cose v. Cose*, 592 P.2d 1230 (Alas.1979). Although it is distinguishable in some respects from our case involving military pay, the case of *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), held that benefits under the Railroad Retirement Act may not be considered community property. The California court held that railroad retirement pay was divisible community property, but the U.S. Supreme Court determined that the state's ruling conflicted with the federal statutory scheme for allocating railroad retirement benefits.

■ It is our opinion that a disposition of military retirement benefits as divisible marital property would also conflict with the federal statutory scheme. Under the supremacy clause of the United States Constitution, an inconsistent state law must yield. U.S. Constitution, Article VI, Cl. 2, and *Hisquierdo, supra.*

Although the U.S. Supreme Court denied certiorari in *In re Marriage of Fithian, supra*, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974), it has not yet made a determination regarding military pensions as marital property. Until the U.S. Supreme Court renders some definitive opinion, or until Congress clarifies the issue, this Court must consider the probable intent of Congress from the statutes, the legislative history, and the interpretations given to the statutes by the appropriate governmental agencies.

William Russell receives his army retirement pay pursuant to 10 *U.S.C.* §§ 3911, 3929 and 3991. The benefit is nowhere referred to as property–divisible property, marital property, or community property. In the U.S. Senate, it was said, "[h]istorically, military retired pay has been a personal entitlement payable to the retired member himself as long as he lives." *S.Rep. No. 1480*, 90th Cong., 2nd Sess. (1968); *U.S. Code Cong. & Admin. News*, at 3294, 3300 (1968).

In 1968, Congress amended the military retirement plans in order to permit a serviceman to use a portion of his retirement pay to purchase an annuity for his survivors. Retired Serviceman's Family Protection Plan, 10 *U.S.C.* §§ 1431–1446. Participation is voluntary, and if he so chooses, a deduction from the retirement pay will be taken monthly in order to purchase a survivor's annuity of up to fifty–five percent (55%) of the pension. If a wife cannot qualify as a beneficiary, she will be ineligible to receive any benefit, and there will be no deductions from the serviceman's retirement pay to provide for the annuity.

Section 1434 provides that an annuity may be made payable, "(1) to, or on behalf of, the surviving spouse, ending when the spouse dies or remarries; . . .." Section 1435 lists as an eligible beneficiary, "(1) the spouse of the member on the date when the member is retired or becomes entitled to retired or retainer pay . . .." The obvious intent of these statutes is to allow an annuity for a "spouse." The right is not a property right to be sold or disposed of or especially to be passed on to an heir or future husband. It ends when the spouse dies or remarries. But for the dissolution of the marriage, Roberta could have been an eligible beneficiary. She was the spouse of William on the date he retired and also on the date he began receiving his retired pay.

If a serviceman's retired pay is considered marital property, it would compel the serviceman to share his pay with an ex–wife whom Congress has declared ineligible for coverage. The Defense Department explained that the purpose of the plan was, "to safeguard the participant's future retired pay when . . . a divorce occurs." S.Rep. No. 1480, *supra*, at 3307. The same factors apply to the Armed Forces Survivor Benefit Plan. 10 *U.S.C.* §§ 1447–1455. A divorced spouse may not participate. The benefits are payable to a surviving wife, but not a surviving ex–wife.

We cannot rewrite the federal statutes to permit military retirement pay to become a property right of ex–spouses. If we could, a portion of the retirement pay could be awarded to the divorcing spouse and become that person's absolute property. If that person remarried and predeceased the retiree, the absolute property right would continue to that person's heirs or designated beneficiary. Such a result is totally inconsistent with the intent and the provisions of the federal statutes.

*Hisquierdo, supra,* did provide that state family and property law must do major damage to the clear and substantial federal interests before the supremacy clause of the Constitution will dictate that state laws be overruled. We must conclude, however, that the federal statutory provisions relating to military retirement pay are in conflict with any Kentucky requirement that certain types of retirement pay be considered as divisible marital property.

The decisions of the U.S. Supreme Court in *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), and *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962), are significant, if not dispositive of this case along with *Hisquierdo, supra.* *Wissner* involved National Service Life Insurance, and *Free* involved a United States savings bond. Neither of these items could be considered as community property. The preemption doctrine disallowed it. We see no proper way to distinguish the restrictions in the federal statutes pertaining to servicemen's life insurance and United States savings bonds and those statutes we have cited pertaining to military retirement pay.

One might argue that by declaring the military pension to be marital property, and therefore divisible, that the retiree, or eligible but future retiree, would have to pay for the spouse's interest. William Russell, and many people eligible for retirement (over 20 years of service), are middle–aged individuals with 25 or more years of estimated life expectancy. With a retirement pay in excess of $800.00 per month, an award of 40 to 50 percent would absolutely bankrupt most retirees. If the payment of the award was to be made out of future pension payments, and if the concept of a property right was followed, an enormous and unfair debt could be owing by the estate of the retiree if he died prior to satisfying the award. The value of the property right would exist, but the pension as a source of satisfaction would not continue.

Our conclusion to exclude military retirement pay from divisible marital property in no way precludes a trial court from considering such an asset when determining an appropriate amount for maintenance and support. KRS 403.200. If maintenance is appropriate, the income will be available to satisfy a reasonable award, especially if there are few other assets or resources to be divided. In many cases a military pension may be the only significant asset in a family, and a spouse must not be left destitute and without some support, simply because the pension is not divisible property.

■ Roberta argues that she is entitled to maintenance, if she is not awarded a portion of the retirement pay. It is obvious that the trial judge considered the factor of military retirement pay in resolving this case. Roberta received over 50% of the marital property, and her earnings are greater than William's, exclusive of his retirement pay. The trial court specifically found that both parties are able to support themselves. When we consider all the factors in this case, we cannot say that the trial judge abused his discretion in refusing

to award maintenance or to grant her a larger share of the total assets accumulated during the marriage.

Roberta finally argues that the court erred in refusing to award her a reasonable amount for her attorney's fee. The trial court has a broad latitude in determining whether to assess attorney fees in a dissolution of marriage. It appears from the record that the trial judge thoroughly considered the provisions of KRS 403.220 and the appropriate standards for awarding such fees. We cannot say that the court abused its discretion in requiring each party to pay for his own attorney. Roberta is certainly not destitute. She has substantial funds of her own and she received a reasonable distribution of the property.

The judgment of the trial court is affirmed.

All concur.