Jimmy R. DUREN, Movant,

v.

Helen E. DUREN, Respondent.

Supreme Court of Kentucky.

Feb. 16, 1982.

T. Steven Bland, Paul Lewis, Lewis, Bland & Preston, Elizabethtown, for movant.

G. William Bailey, Jr., Pate, Richardson & Bailey, Elizabethtown, for respondent.

CLAYTON, Justice.

Jimmy and Helen Duren were granted a divorce in Hardin Circuit Court on March 12, 1980, after eighteen years of marriage. Under an agreed order incorporated into the court's decree, the Durens divided most of their marital property but reserved for the trial court the issue of whether Jimmy's military retirement pay constituted marital property.

The trial court ruled that a portion of the military retirement pay was marital property under Kentucky law, and ordered Jimmy to make arrangements for payments of Helen's share directly through the federal government. When Jimmy failed to comply with this directive, the trial court issued a wage assignment order directing the U. S. Finance and Accounting Center to deduct $235.12 per month from his retirement pay and to pay that amount directly to Helen.

Jimmy never challenged the trial court's characterizing his military retirement pay as marital property. Instead Jimmy challenges the trial court's authority to enforce its judgment through the wage assignment order. The Court of Appeals affirmed the trial court's enforcement order. We reverse.

We should mention first that after this court granted discretionary review the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), ruled that federal law precluded a California court from dividing military retirement pay under its community property laws. This recent change in the law raises the question of whether the trial court's judgment relating to the division of marital property should be reversed because it was based upon a legal conclusion subsequently overruled by the United States Supreme Court.

In *Erspan v. Badgett,* 659 F.2d 26 (1981), the United States Court of Appeals for the Fifth Circuit was faced with a similar case. A Texas trial court divided the husband's military retirement pay under its community property laws well before the *McCarty* decision. Years later the wife successfully asked a United States District Court to enforce the Texas decree by ordering the husband to file an allotment order with the Army. Like the case at bar, the husband never challenged the terms of the divorce decree in state court. The Fifth Circuit affirmed the order, saying:

586

"Nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments." *Id.* at 28.

■ We think applying *McCarty* prospectively is the proper and fairer approach. Jimmy is not asking this court to disturb the trial court's property distribution scheme, and we decline to do so.

■ The issue which we are asked to decide is whether the wage assignment order, designed to enforce the property distribution decree, was within the trial court's authority. It has long been established that money in the hands of the United States Government cannot be attached or garnished to satisfy a legal obligation of its intended recipient unless the government by statute chooses to honor the court's order. *Buchanan v. Alexander*, 45 U.S. 20 (4 How. 20), 11 L.Ed. 857 (1846); *Federal Housing Administration v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940). Congress has spoken on the issue before this court by enacting 42 U.S.C. 659(a), which provides that the United States Government shall comply with legal process brought for the enforcement of an Armed Services member's obligation to provide child support or to make alimony payments. The term "alimony" is defined in 42 U.S.C. 662(c) so as to expressly exclude a state court judgment relating to property division incident to divorce.

We think the result dictated by the above language is clear. The trial court had no authority to enter the wage assignment order.

The decision of the Court of Appeals is reversed and the wage assignment order entered by the Hardin Circuit Court is vacated.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.