**Mary Frances Gumm BARBOUR, Appellant,**

v.

**James Otis BARBOUR, Appellee.**

Court of Appeals of Kentucky.

Dec. 24, 1982.

Charles D. Williams, Munfordville, for appellant.

J.D. Craddock, III, Munfordville, for appellee.

Before HOWARD, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

This is an appeal from a judgment of the Hart Circuit Court which refused to hold

appellee in contempt for his failure to pay to appellant the maintenance awarded her by the court.

The parties to this appeal were granted a dissolution of their marriage on July 6, 1981. The court found that appellee, James Otis Barbour, was totally disabled. Appellee has a monthly income of $1,076.46—$667.36 from Air Force Retirement and $409.10 from social security. When the dissolution became final the appellant, Mary Frances Gumm Barbour, was working as a waitress and earning approximately $85 per week. The court found that appellant was entitled to temporary maintenance and awarded her $150 per month to be paid for the next 24 months after judgment.

Appellee never paid any portion of the monthly maintenance payments. In November of 1981 appellant moved the court to hold her ex-husband in contempt for his refusal to pay. On March 4, 1982, the Hart Circuit Court entered its second finding of facts and judgment holding that James Otis Barbour was not in contempt of the court and that the court could not use its contempt powers to enforce the maintenance order because to do so would be contrary to *Russell v. Russell,* Ky.App., 605 S.W.2d 33 (1980); *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and *Duren v. Duren,* Ky., 627 S.W.2d 585 (1982). We disagree with this conclusion of the circuit court.

In the case of *Russell v. Russell, supra,* this Court affirmed a circuit court judgment holding that military retirement pay could not be considered as marital property to be divided in a divorce action. This Court reasoned that to divide the retirement pay as marital property would be inconsistent with federal statutory provisions. However, we stated that "[o]ur conclusion to exclude military retirement pay from divisible marital property in no way precludes a trial court from considering such an asset when determining the appropriate amount for maintenance and support." *Id.* at 36.

The Supreme Court of the United States considered the characterization of nondisability military retired pay in the case of *McCarty v. McCarty, supra,* holding that a California judgment treating the retired pay as community property conflicted with the federal retirement scheme, the purpose of which was to create an incentive for older service people to retire and thereby to maintain a young and vigorous military. If the retired pay were treated as community property, there would be little incentive for an eligible person to retire and receive the decreased benefits. Furthermore, it would defeat the congressional purpose of providing a personal retirement for the service member.

The *McCarty* case also held that the retired pay was not subject to attachment in order to satisfy a property settlement incident to a dissolution. *McCarty,* 453 U.S. at 229, 101 S.Ct. at 2739. However, the Supreme Court specifically observed that in 1975 "Congress amended the Social Security Act to provide that all federal benefits, including those payable to members of the Armed Services, may be subject to legal process to enforce child support or alimony obligations. Pub.L. 93–647, § 101(a), 88 Stat. 2357, 42 U.S.C. § 659." *McCarty,* 453 U.S. at 230, 101 S.Ct. at 2740. The case recited that in 1977, however, a clause was added to the federal statute excluding from the term "alimony" any property settlement incident to a divorce. *Id.* Therefore, the holding in *McCarty* does not reach alimony or maintenance obligations.

In *Duren v. Duren, supra,* the Kentucky Supreme Court followed *McCarty* in holding that the circuit court had no authority to enter a wage assignment order directing the U.S. Finance and Accounting Center to deduct a portion of the husband's military retirement pay and to pay that amount directly to the wife as a part of her marital property.

In each of the foregoing three cases relied on by the Hart Circuit Court in refusing to enforce its prior order, the source

of income was nondisability retirement pay, and the controversy was over whether such income could be treated as marital property. In the instant case we are dealing not with marital property but merely with a modest maintenance award for the duration of two years and payable by a party whose income is derived from federal disability benefits. We are cited to no authority which would mandate a lesser standard of governmental compliance with reasonable maintenance and child support obligations in the case of a disability benefits recipient than for a nondisability benefits recipient, if in fact governmental compliance were an issue in this case.

Additionally, in *McCarty* and *Duren* it is specifically stated that an armed services member's alimony obligation *may* be subject to enforcement by legal process, even to the point of attaching the benefits. 42 U.S.C. 659(a). In this case there has been no attempt to attach appellee's disability payments. Although the maintenance payments must necessarily be paid from his disability income, that fact is of no consequence insofar as his obligation to pay maintenance is concerned.

In summary, we hold that there is nothing in the three cases relied on by the circuit court to imply that a court order to make maintenance payments is unenforceable because the income of the party ordered to pay is derived from federal disability benefits.

The judgment of March 4, 1982, is vacated and this case is remanded to the Hart Circuit Court for further proceedings consistent with this opinion.

All concur.