## CIRCUIT COURT OF FAIRFAX COUNTY

Janice Whittington Todd

v.

William B. Todd

June 15, 1983

Case No. Chancery 79277

By JUDGE J. HOWE BROWN

### FINDING OF FACT AND CONCLUSION OF LAW

This case came on to be heard on the 31st day of May, 1983, upon petition for spousal and child support and equitable distribution of property. A Final Decree of Divorce was entered previously on the 12th day of April, 1983. Evidence was presented, and the Court heard and considered the papers filed herein, the evidence, argument of counsel, and authorities cited.

Initially, I note that two separate matters are before the Court. First, I must determine an equitable distribution of property under Va. Code Section 20-107.3. Then I must set permanent spousal and child support.

Pursuant to Va. Code Section 20-107.3 I must first determine the title, ownership, and value of real and personal property and which of the property is separate and which is marital. The Court makes the following findings of fact in this connection:

The parties own jointly a home in which Mrs. Whittington (Todd) and the couple's two minor children, Emily, age 11, and Rachel, age 8, now live. During the 13 3/4 years of marriage Col. Todd has been in the military, and the family has moved about. The main investment the family made over the years was in a residence. They followed a plan of buying the most expensive home they could, selling it when they moved, and buying another of the greatest possible value at the next duty station. Testimony was offered that the home is up for sale, that it has a probable sale price of $138,000, and that if it sells for that price the owners can expect to receive $24,835 net after expenses. The home is marital property and each spouse owns an undivided half interest in it.

When they last lived together the couple had two automobiles, both titled in joint names. Mrs. Whittington (Todd) now has the 1980 or 81 Datsun (valued at $3800), which is still titled in joint names. Col. Todd now has the 1977 Volkswagen (as to which there was no testimony on value), which is now titled in his name alone. It is the opinion of the Court that both cars are worth approximately the same. Both automobiles are marital property.

At some time during the marriage Mrs. Whittington's (Todd) father, who lives on a farm in Texas, made available to her an opportunity to receive the income from the sale of calves from two cows which he kept on his farm. While there was some evidence of payment for this "investment," I find that Mrs. Whittington's (Todd) father made a gift to her of the income from these sales, and that the cows were and are her separate property. This asset is worth approximately $1,000.

The family had the use of flat silver, a gift from Col. Todd's relative. That silver, which has a value of $1,000, was and is his separate property.

The couple's home contained furnishings which were and are marital property. Some of these furnishings are antiques of specific, though controverted

value. I place a value on the home furnishings of $5,500.

The couple had apparently saved very little over their marriage. They had, however, put aside $6,000 in a Certificate of Deposit in the name of one of their children and Col. Todd. Upon the separation Col. Todd took this fund for his own, though part of it paid family obligations. The fund now has about $3,000 left. The $6,000 certificate of deposit was and is marital property.

The most controversial property is the non-vested, non-matured interest in the military pension to which Col. Todd may become entitled if he survives and stays in military service for 20 years or until 1988. The statute recognizes that such an interest may be considered property. The statute includes as one factor to be considered ". . . the present value of pension or retirement benefits, whether vested or nonvested . . ." Va. Code Section 20-107.3(E)(8). The Uniformed Services Former Spouses' Protection Act recognizes that military pensions may be treated by state Courts as divisible property. Evidence was presented by a qualified expert actuary as to the present value of Col. Todd's military retirement taking into account the length of the marriage, the possibility that Col. Todd would die before retirement and might never receive any benefit, and other relevant facts. The evidence showed that the present value of the retirement pay based just upon the right accrued to Col. Todd during the years of marriage is $113,000. This method of valuing an interest in retirement incomes has been approved in other courts, and seems to me to be fair. See: Deering v. Deering, 292 Md. 115, 437 A.2d 883 (1981); Bloomer v. Bloomer, 84 Wis. 2d 124, 267 N.W.2d 235 (1978); Kruger v. Kruger, 73 N.J. 464, 375 A.2d 659 (1977). The evidence certainly demonstrates that the interest in the military retirement is marital property. Mrs. Whittington (Todd) followed Col. Todd in his transfers around the country, making a home for him and their children. It is beyond question that one important motivating consideration that keeps persons such as Col. Todd in

the military for 20 years or more is the expectation of good retirement benefits. By moving about, and by the family decision to have Mrs. Whittington (Todd) take on the role of mother and homemaker, she was deprived of the ability to build a retirement nest-egg of her own in her profession of teaching. All of these reasons compel the Court to treat the military retirement as marital property to the extent of the amount testified to by the actuary.

The statute, Va. Code § 20-107.3(E) lists the factors to be considered in arriving at any award and the method of payment. Each of these factors, to the extent there was evidence presented, has been considered. During marriage all money earned by both persons was put into a common fund. Col. Todd earned a great deal more income. Mrs. Whittington (Todd) made a no less valuable contribution as a mother and homemaker. The couple was married for about 13 3/4 years. Their ages, physical condition and mental condition are comparable. Col. Todd's education qualifies him for a much higher paying career in or out of the military than Mrs. Whittington's (Todd) training as a teacher. Col. Todd is responsible for the dissolution of the marriage, and divorce has been decreed on the ground of his adultery. The debts and liabilities of the parties are not significant or relevant to this consideration. No evidence was presented as to any tax consequence to either party, and no such consideration is found by me to be relevant in this case.

It is my opinion that the home should be sold and the net proceeds divided equally between Col. Todd and Mrs. Whittington (Todd). Col. Todd should be relieved of any further obligation to pay the PITI on the house. It is my opinion that the automobiles, or their value, which I compute is equal, should be divided equally between the parties. No award is based upon the value of the separate property. It is my opinion that Mrs. Whittington (Todd) is entitled to the entirety of the marital home furnishings, or their value. It is my opinion that Mrs. Whittington (Todd) is entitled to one half of the present value of Col. Todd's military retirement, or $56,500. This sum is

to be paid by awarding to Mrs. Todd one half of each monthly or other periodic payment which Col. Todd receives as military retirement pay, when and if he receives any such retirement pay, until she has been paid the total sum of $56,500.

It is my opinion that Mrs. Whittington (Todd) is entitled to one half the amount of the certificate of deposit at the time the couple separated, or the sum of $3,000. This $3,000 is to be paid to her in a lump sum at the time of the entry of the final order.

I turn now to the separate issues of alimony and child support. The parties presented monthly income and expense statements. These statements have to be viewed carefully and with the knowledge that never can a family live separately as cheaply as they can live together. There have to be mutual sacrifices. As earlier stated, Col. Todd has such greater earning potential than Mrs. Whittington (Todd), though she can and does earn an income teaching. Her ability to earn more in her field has been curtailed by her leaving the profession to raise a family and by her moving from place to place with Col. Todd. The income she now earns $660 per month is a reasonable contribution at this time under the circumstances.

I find that Col. Todd's net income is approximately $2,668 per month. Col. Todd urges the Court to disregard his quarters allowance and his variable housing allowance because if he moves from this area or lives on base he would not receive these benefits. This ignores the fact that if he moves from this area to an area where the cost of living is less he will have less expenses, and that if he lives on base he has living quarters provided in lieu of the allowance he now gets.

As indicated above, rarely in a divorce is there enough money to go around, and this case is no exception. Virginia Code Section 20-107.1 sets forth the factors to consider in awarding spousal support, and Va. Code Section 20-107.2 sets forth those to be considered in awarding child support. The factors

have been reviewed carefully, including the provisions made herein for equitable distribution. In arriving at my decision I have taken account of the fact that Mrs. Whittington (Todd) likely will receive an increase in salary next year. It is my opinion that Col. Todd should pay to Mrs. Whittington (Todd) alimony in the amount of $425.00 per month. It is my opinion that Col. Todd should pay child support for Emily in the amount of $300.00 per month and child support for Rachel in the amount of $300.00 per month.