**In re the MARRIAGE OF Hildegard Maria HOWELL and Willis Lyle Howell.**

**Upon the Petition of Hildegard Maria Howell, Appellant,**

**and concerning**

**Willis Lyle Howell, Appellee.**

No. 87–1142.

Supreme Court of Iowa.

Jan. 25, 1989.

Patricia A. Shoff and Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn, & Shors, Des Moines, for appellant.

David C. Shinkle of Rogers, Reavely & Shinkle, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

ANDREASEN, Justice.

■ In this appeal we must determine how a military pension should be treated in a dissolution proceeding. The primary issue is whether a military pension should be recognized as marital property. We hold that a military pension in Iowa is to be considered marital property and divided as such in a dissolution proceeding.

Hildegard and Willis Howell were married for fourteen and one-half years. Willis retired from the military after twenty-three years of active-duty service. He was in the military throughout the marriage.

At the time of marriage, Hildegard had the equivalent of a master's degree from a German university. For the first five years of marriage Hildegard and Willis agreed that Hildegard should remain at home to care for their daughter. Since 1977, Hildegard has been employed as a teacher. Hildegard and Willis moved frequently throughout their marriage because of Willis' military career. This prevented Hildegard from staying in one place long enough to build up any employment seniority.

Willis had a high school diploma at the time of marriage. During his military career, Willis obtained a bachelor's degree and reached the rank of first sergeant, gaining experience in personnel management. Willis' military entitlement amounts to approximately $1,187 per month, minus $153.75 for federal income tax and $10 for state income tax. Sixty-nine dollars of the gross entitlement is a VA disability payment. This leaves Willis with a net monthly pension of $954.25.

Currently Willis is employed by the Des Moines Bulk Mail Center and earns approximately $800 per month. Hildegard is currently an assistant professor at Grand View College with an annual salary of $20,434.

The district court entered a dissolution decree on July 21, 1987. The district court

did not consider the military pension to be marital property subject to division between the parties. Rather, the military pension was considered by the court in its alimony award of $1.00 per year to Hildegard for a term of eight years.

Hildegard filed a motion to enlarge or amend findings and conclusions and modify the decree. She asked that the military pension be treated as a marital asset and divided equitably between the parties. The trial court denied Hildegard's motion. On appeal, the court of appeals considered this matter en banc and split evenly with three votes to affirm and three votes to reverse. The district court's judgment was affirmed by operation of law.

On further review the sole issue concerns the treatment and division of the military pension. We must determine whether the military pension is marital property to be divided equitably between the parties or whether it is income to be considered in awarding alimony. Our standard of review is de novo. Iowa R.App.P. 4. We review the record and determine the rights of the parties anew.

█ I. Iowa law has generally treated pension benefits as marital property. *See In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982). Military pensions, however, have received unique and inconsistent treatment.

In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that military retirement pay was a personal entitlement of the retiree and that it was not an asset subject to distribution under California property laws. *Id.* at 236, 101 S.Ct. at 2742–43, 69 L.Ed.2d at 608. The Court suggested that the protection of spouses of military retirees was properly left to congress. *Id.* at 235–36, 101 S.Ct. at 2742–43, 69 L.Ed.2d at 608.

In the wake of *McCarty*, we held that a military pension could not be divided as marital property. *See In re Marriage of Jones*, 309 N.W.2d 457, 460–61 (Iowa 1981). Income from a military pension could, however, be considered in awarding alimony. *Id.* at 461. *Jones* was based on the then-

existing law concerning treatment of military pensions under *McCarty*.

Meanwhile, Congress passed legislation based on the *McCarty* decision. On February 1, 1983, the Uniformed Services Former Spouses' Protection Act (Protection Act) became effective. *See* Pub.L. No. 97–252, § 1006, 96 Stat. 718, 730–38 (1982). That Act provides:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law and the jurisdiction of such court.

10 U.S.C.A. § 1408(c)(1) (West Supp.1988). It has been recognized that the effect of the Protection Act was to reverse *McCarty* and to return this decision to the state as it was prior to *McCarty*. *See Bullock v. Bullock*, 354 N.W.2d 904, 907–08 (N.D. 1984). While the Protection Act effectively overrules *McCarty*, it does not mandate that we treat military pensions as marital property.

Prior to *McCarty*, the Iowa law concerning military pensions was summarized in *In re Marriage of Schissel*, 292 N.W.2d 421, 424–26 (Iowa 1980). In *Schissel*, we did not consider the military pension to be property subject to division between the parties. Rather, the military pension was given consideration in prescribing the economic terms of a dissolution decree. This holding was based primarily on our view that the wife could not garnish the United States government for a portion of the husband's military pension:

> A distinction must be observed between a spouse's attempting to garnish a government or its officials to collect sums *from the government* due the other spouse, and a dissolution court's considering that governmental obligation when prescribing the economic terms of a dissolution decree *as between the spouses.* Under the sovereign immunity doctrine, a government or its officials ordinarily cannot be garnished, absent consent.

*Id.* at 424. The sovereign immunity which prevented this court from considering military pensions as property in *Schissel* was expressly waived by the Protection Act. *See* 10 U.S.C.A. § 1408(c)(1). Federal law now provides that the payments may be made directly from the government to the service member's spouse. 10 U.S.C.A. § 1408(d)(5). The Protection Act removes the federal considerations of sovereign immunity and enables this court to determine the proper treatment of a military pension under state law.

As stated earlier, Iowa law normally considers pension benefits to be properly subject to equitable division between the parties in dissolution. *See In re Marriage of Bevers,* 326 N.W.2d 896, 900 (Iowa 1982). In *Bevers,* we stated:

> Pension benefits are deferred compensation; rights to the pension benefits are derived from the employment contract and a contractual right is a chose in action—a form of property.

*Id.* We find no justification for treating a military pension differently than a private pension.

We agree with those courts which describe a military pension as compensation for past services, and, therefore to be considered marital property. This view was explained by the California Supreme Court in *In re Marriage of Fithian,* 10 Cal.3d 592, 604, 111 Cal.Rptr. 369, 376, 517 P.2d 449, 456–57 (1974):

> ... military retirement pay must be realistically viewed as compensation for past, not present, services. Congress' purpose in creating the retirement pay system was to enhance the morale of the serviceman and to encourage him to remain in the military, and not to compensate him for his limited responsibility to the government after his retirement. Indeed, the amount of retirement pay a serviceman receives bears no relation to any continuing duties after retirement, but is calculated solely on the basis of the number of years served on active duty and the rank attained prior to retirement. Moreover, should the serviceman actually be recalled to active duty,

he is not only additionally compensated according to the active duty pay scale, but his rate of retirement pay is also increased thereafter. The conclusion is inescapable that retirement pay is awarded in return for services previously rendered and therefore is divisible as community property to the extent the serviceman was married while on active duty.

*Id.* at 604, 111 Cal.Rptr. at 376–77, 517 P.2d at 456–57 (citations omitted). Several other states have adopted this reasoning and treat a military pension as marital property to be divided between the parties. *See, e.g., Chase v. Chase,* 662 P.2d 944, 946 (Alaska 1983); *Steczo v. Steczo,* 135 Ariz. 199, 202, 659 P.2d 1344, 1347 (Ariz.App. 1983); *Askins v. Askins* 704 S.W.2d 632, 632–33 (Ark.1986); *Nisos v. Nisos,* 60 Md. App. 368, 378–79, 483 A.2d 97, 101–02 (1984) ("the Court does recognize that the wife spent many years as a service wife with the expectation, along with your husband, that you would be the beneficiary of a pension after 20 years"); *Walentowski v. Walentowski,* 100 N.M. 484, 485–86, 672 P.2d 657, 658–59 (1983); *Bullock v. Bullock,* 354 N.W.2d 904, 908 (N.D.1984). We find that Willis' military pension is marital property to be divided equitably by the parties.

■ II. We now determine the proper method of dividing this property in accordance with Iowa Code section 598.21 (1987). Under Iowa Code section 598.21(1), the court must divide all property, except inherited property or gifts received by one party, equitably between the parties after considering factors specifically listed in the statute. Currently, Willis' gross military entitlement is $1187 per month. Sixty-nine dollars of that is a disability payment. Hildegard asserts that the veteran's disability payment should be considered to be marital property. *See Kruger v. Kruger,* 73 N.J. 464, 472, 375 A.2d 659, 663–64 (1977). We reject the reasoning of *Kruger* which considers a veteran's disability payment to be the same as a military pension. A disability payment to a retired service-member injured in the line of duty cannot be considered compensation for past servic-

es rendered. Furthermore, veteran's disability benefits are statutorily exempt from all claims other than claims of the United States, and are not divisible or assignable. *See* 38 U.S.C.A. § 3101 (West Supp.1988); *see also In re Marriage of Bornstein,* 359 N.W.2d 500, 503–04 (Iowa App.1984); *Repash v. Repash,* 528 A.2d 744, 746 (Vt. 1987). While this type of disability payment may be considered in the equitable granting of alimony or support, we do not consider it marital property. Willis' current gross pension is $1118.

We believe that in this case it is equitable to award Hildegard a percentage of Willis' gross pension based on the years of their marriage. To arrive at the appropriate percentage, we multiply half of Willis' pension by the ratio of 14/23; 14 representing the years that Willis served in the military while married to Hildegard and 23 representing Willis' total time on active duty. Under this equation, Hildegard's share of the pension is 30.5%. Her gross monthly entitlement under Willis' current pension is $341.

Hildegard has requested an allowance for appellate attorney fees. We have considered the overall economic situation of the parties and conclude that her request should be denied.

The decision of the court of appeals, which affirmed the district court's decision by operation of law, is vacated. In view of our division of the retirement benefits, we conclude that no award of alimony is justified. We direct that 30.5% of Willis' disposable retirement pay, except disability benefits, be assigned to Hildegard in accordance with section 1408 of Title 10 of the United States Code and the regulations in 32 Code of Federal Regulations, part 63. We also delete the award of alimony and affirm the decree as modified.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.