**In re the MARRIAGE OF Lanett J. O'CONNOR and Michael J. O'Connor.**

**Upon the Petition of**

**Lanett J. O'Connor, Petitioner–Appellee,**

**And Concerning**

**Michael J. O'Connor, Respondent– Appellant.**

**No. 97–1220.**

Court of Appeals of Iowa.

June 24, 1998.

Jay P. Roberts of Roberts & Stevens, Waterloo, for appellant.

Mark S. Rolinger of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellee.

Heard by SACKETT, P.J., and HUITINK and MAHAN, JJ.

SACKETT, Presiding Judge.

In this appeal from a decree dissolving a nineteen-year marriage, respondent-appellant Michael O'Connor challenges the trial court's ruling dividing Michael's disability pension with petitioner-appellee Lanett O'Connor. We affirm as modified.

At the time of marriage, Michael, born in 1958, held a bachelor's degree from the University of Northern Iowa and was employed by the Waterloo police department. He retained this employment until December 27, 1991, when he suffered a back problem in the line of duty, preventing him from standing for long periods and preventing him from continued service as a police officer. He qualified for disability benefits under Iowa Code chapter 411 of approximately $19,000 a year. He continues to be employable in work other than as a policeman. He is an

adjunct professor at Hawkeye Community College earning about $10,000 a year. His annual income, including the pension, is approximately $29,000. He is seeking an advanced degree.

Lanett, born in 1959, works at People's Community Health Clinic about twenty-five hours a week and is paid $7.68 an hour. Her annual income is approximately $10,000. She also is provided with medical insurance, a retirement fund, and is provided sick leave and vacation time. Lanett is seeking a bachelor of science degree in nursing and plans to graduate from the nursing program in the Spring of 2000. She testified she was not working full-time because of her educational responsibilities.

The parties agreed on a division of their assets,[1] except for the value of two automobiles and the allocation of the disability payments. Michael was ordered to pay child support of $405 a month for a daughter born in 1980 in Lanett's physical care. A son of Lanett born in July 1978 and raised by the parties was not subject to receive child support. The parties also stipulated neither party would receive spousal support. The trial court resolved the automobile valuation dispute. This is not challenged on appeal.

The trial court originally did not divide Michael's disability pension. Lanett then filed a rule 179(b) motion claiming the pension account should have been divided. She and Michael had been married thirteen of the fifteen years he worked for the police department. The court awarded her thirteen-fifteenths of one-half of the pension. This appeal follows.

Michael contends the decision is inequitable. He advances the disability pension is compensation for a reduced earning capacity

and it was used to determine his earning capacity. He contends if it is divided, it should not be divided until he is fifty-five years old, which would have been the earliest he could have received the pension had he not been injured. The pension he receives will only be reduced if he earns more than $35,611.32.

■ Our review is de novo. Iowa R.App. P. 4. Lanett suggests the question is whether the trial court applied the correct law in allocating the pension. We disagree—the question is whether the allocation made is equitable. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973).

Pensions, including disability pensions, have been determined not to be the sole benefit of the disabled employee but to be available to benefit the spouse and children also. *See In re Marriage of DeNuys*, 543 N.W.2d 894, 898 (Iowa 1996).[2]

Any question as to the consideration of benefits under chapter 411 was erased by Iowa Code section 411.13 (1997), which states chapter 411 pension benefits are subject to division in marital property orders. The question presented to us is whether the allocation of the disability pension made by the trial court is equitable.

■ A disability pension, unlike a pension paid on retirement, is not compensation for past services. *See In re Marriage of Howell*, 434 N.W.2d 629, 632 (Iowa 1989). Rather, it is compensation to replace income that would have been earned had the employee not been injured. *See id.*

■ The fact the pension is considered marital property does not necessarily mean it must be divided. The courts do what is

---

1. The stipulation shows their house was sold and their debts were paid. They each received about $2500 from the house sale. They divided bank accounts and furniture which were not valued. They each had an additional pension of minimal value.

2. In *In re Marriage of Howell*, 434 N.W. 2d 629 (Iowa 1989), the court, referring to a military disability pension, said, 'While this type of disability payment may be considered in the equitable granting of alimony or support, we do not consider it marital property." *Id.* at 633. Then,

in *In re Marriage of Branstetter*, 508 N.W.2d 638 (Iowa 1993), making reference to *Howell*, the court said, "Pensions in general are held to be marital assets, subject to division in dissolution cases, just as any other property." *Id.* at 640. Subsequently, in *In re Marriage of DeNuys*, 543 N.W.2d 894 (Iowa 1996), the court, citing *Branstetter* said, "The parties do not dispute that a chapter 411 disability pension is 'income' for child support purposes and is a marital asset subject to division in dissolution cases." *Id.* at 897.

equitable. *In re Marriage of Benson,* 495 N.W.2d 777, 781–83 (Iowa App.1992). Michael's disability has decreased his earnings. While he has an earning limitation of $35,-611.32, there is no showing he will be able to earn additional income. Lanett has waived any right to spousal support. She currently only works part-time. She is nearing the completion of her education for a nursing degree which will substantially increase her income.

The disability pension has been considered in establishing Michael's child support obligation. Applying the reasoning of *Howell* that the disability pension is not for past services but to replace income he could have earned had he not been injured, we determine equity in this case supports the allocation of the disability portion of the pension solely to Michael.

We modify to provide that Lanett shall not receive any portion of Michael's disability pension until he reaches fifty-five years of age, at which time she shall receive thirteen-fifteenths of one-half. In all other respects, we affirm the trial court. We award no attorney fees.

**AFFIRMED AS MODIFIED.**