# IN THE COURT OF APPEALS OF IOWA

No. 16-1739
Filed August 16, 2017

IN RE THE MARRIAGE OF MICHELLE ANNE KRAKER
AND LEONARD PAUL KRAKER

Upon the Petition of
MICHELLE ANNE KRAKER,
        Petitioner-Appellee/Cross-Appellant,

And Concerning
LEONARD PAUL KRAKER,
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.


        Respondent appeals the property division and award of spousal support in

the parties' dissolution decree, and petitioner cross-appeals on the issues of

spousal support and attorney fees. **AFFIRMED AS MODIFIED AND**

**REMANDED.**


        William H. Larson of Klass Law Firm, L.L.P., Sioux City, for appellant.

        Irene A. Schrunk of Irene A. Schrunk Law Firm, Sioux City, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Leonard Kraker appeals the property division and award of spousal support in the parties' dissolution decree, and Michelle Kraker cross-appeals on the issues of spousal support and attorney fees. We modify the decree to provide Leonard's pension should be divided pursuant to a marital property order in accordance with the *Benson* formula as outlined in this opinion and remand on this issue. On all other issues of property division, spousal support, and attorney fees, we affirm the dissolution decree entered by the district court. We do not award appellate attorney fees.

## I. Background Facts & Proceedings

Leonard and Michelle were married in 1986. They have two adult children. Leonard, who was fifty-five years old, had been employed as a firefighter with the Sioux City Fire Department for twenty-three years and had "Medicare wages" in 2015 of $92,851. As a firefighter, he contributed to the Municipal Fire and Police Retirement System of Iowa (MFPRS), rather than Social Security. Michelle, who was fifty-six years old, was the sole proprietor of Klassic Klips, a hair salon. She earned $22,983 in 2015.

Michelle filed a petition for dissolution of marriage on September 24, 2015. In the dissolution decree, the district court found Michelle had retained personal property worth $7500, while Leonard had personal property worth $1500. The court awarded Michelle her business, which was valued at $24,500. The court determined Michelle should be awarded forty-six percent of Leonard's retirement account, payable when Leonard's benefits commence under the plan. The court

determined Leonard should pay Michelle spousal support of $1500 per month until he retires. Michelle was awarded attorney fees of $750.

Leonard filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), stating the court had failed to consider he would receive a reduced amount of Social Security benefits under the Windfall Elimination Provision (WEP) due to his receipt of MFPRS benefits and asking the court to reopen the record on this issue. Michelle also filed a motion pursuant to rule 1.904(2). The court granted the motion to reopen the record and gave the parties the opportunity to submit affidavits and briefs on the issue of the WEP. The court made a few adjustments, but largely denied the parties' motions. Leonard now appeals, and Michelle cross-appeals.

## II.      Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). We examine the entire record and determine anew the issues properly presented. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 741 (Iowa 1993).

## III.      Property Division

**A.**      Leonard claims the district court improperly valued the personal property retained by Michelle. Using an insurance policy, Leonard stated the value of the personal property in the marital home, where Michelle was living, was $151,950. Michelle stated she believed the value of the personal property in

the home was $2500. The district court determined the value of the personal property was $7500.

On appeal, we refuse to disturb the district court's valuation of assets when they are within the range of permissible evidence. *In re Marriage of McDermott*, 827 N.W.2d 671, 679 (Iowa 2013). "Although our review is de novo, we ordinarily defer to the trial court when valuations are accompanied by supporting credibility findings or corroborating evidence." *In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007). We determine the district court's valuation of the personal property retained by Michelle is within the range of permissible evidence, and we accept the court's valuation. *See McDermott*, 827 N.W.2d at 679.

**B.** Leonard claims the district court improperly divided his retirement benefits to give Michelle forty-six percent of his monthly pension benefits, leaving him with fifty-four percent of his benefits. The court also determined Michelle was entitled to a proportionate share of any increases in Leonard's benefits. Leonard points out Michelle will receive a greater amount of Social Security benefits than he will. In addition, he states the court did not properly apply the formula found in *In re Marriage of Benson*, 545 N.W.2d 252, 255 (Iowa 1996), for dividing pension benefits. Michelle claims she is entitled to fifty percent of Leonard's retirement benefits.

A division of pension benefits must be equitable. *In re Marriage of O'Connor*, 584 N.W.2d 575, 576-77 (Iowa Ct. App. 1998). "Pensions in general are held to be marital assets, subject to division in dissolution cases." *In re Marriage of Branstetter*, 508 N.W.2d 638, 640 (Iowa 1993). One method of

dividing pension benefits is the present-value method, where the present value of the benefits is determined and a share is allocated to the pension-holder's spouse. *Benson*, 545 N.W.2d at 255.

A second method is the percentage method, where the pension-holder's spouse receives "a percentage of the pension, payable when benefits become matured." *Id.* "[T]his percentage is based on the number of years the employee accrued benefits under the plan during the parties' marriage in relation to the total years of benefits accrued at maturity." *Id.* "This method has the advantage of allowing deferred payment, and it properly allocates the risk between the parties." *Id.* "It has however been noted that care must be taken when setting the formula so that the recipient spouse does not become entitled to any post-dissolution increases in pension benefits." *Id.*

We determine Leonard's pension benefits should be divided using the percentage method. The *Benson* formula is based on the equation:

50% of retirement benefit $\quad$ x $\quad$ Years spouse contributed to retirement plan while married

Years spouse contributed to retirement plan before retirement

*In re Marriage of Sullins*, 715 N.W.2d 242, 250 (Iowa 2006). "The numerator in the fraction is the number of years the pensioner accrued benefits under the plan during the marriage, and the denominator is the total number of years of benefit accrual." *Id.* The value of the retirement benefit is set at the time of maturity, not at the time of the dissolution of marriage. *Benson*, 545 N.W.2d at 257.

In this case, the numerator is twenty-three, the number of years Leonard contributed to the MFPRS pension plan while married. The district court apparently also used this as the denominator, stating "the parties were married

the entire time Leonard qualified for the plan." At the present time, however, the denominator is unknown, as Leonard has not yet retired. Also, rather than award Michelle fifty percent of the *Benson* fraction, the court awarded her forty-six percent of the total pension.

We determine Leonard's MFPRS retirements benefits should be divided using the *Benson* formula. Thus, Michelle is entitled to fifty percent times the fraction of the years Leonard contributed to the plan while married (twenty-three) divided by the total number of years he contributes to the plan before retirement (currently unknown) times the amount of his monthly retirement benefits determined at the time of his retirement.

Under the MFPRS rules, a marital property order is the equivalent of a qualified domestic relations order (QDRO). *See In re Marriage of Davis*, 608 N.W.2d 766, 774 (Iowa 2000). We modify the decree to provide Leonard's pension should be divided pursuant to a marital property order, under Iowa Code section 411.13 (2015), in accordance with the *Benson* formula as outlined in this opinion and remand on this issue. We have considered the remaining arguments raised by the parties concerning Leonard's pension benefits but make no further modification on the issue of pension benefits.

## IV. Spousal Support

Leonard claims the district court's award of spousal support should be reduced, while Michelle claims the amount should be increased. The district court determined Leonard should pay $1500 per month in spousal support until he retires. Leonard asks to have this amount reduced to $868.56 per month.

Michelle asks to have the award of spousal support increased to $2250 per month.

"Property division and alimony should be considered together in evaluating their individual sufficiency." *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998). Spousal support is not an absolute right. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). Whether spousal support is proper depends on the facts and circumstances of each case. *In re Marriage of Brown*, 487 N.W.2d 331, 334 (Iowa 1992). When determining whether spousal support is appropriate, we consider the relevant factors found in Iowa Code section 598.21A. *Hansen*, 733 N.W.2d at 704.

The parties had been married for almost thirty years at the time of the dissolution hearing. Historically, Leonard's income has exceeded that of Michelle's and we determine an award of spousal support until Leonard retires is appropriate. In determining an award of spousal support, a court considers the statutory criteria in section 598.21A(1), rather than applying a mathematical formula. *In re Marriage of Mauer*, 874 N.W.2d 103, 107 (Iowa 2016); *In re Marriage of Witherly*, 867 N.W.2d 856, 859-60 (Iowa Ct. App. 2015).

Leonard earns about $92,851 per year and has the ability to pay spousal support. Michelle claims she needs an additional amount of spousal support to meet her expenses, but we find she has overstated her expenses and the award of $1500 per month is sufficient for her needs. In considering the factors in section 598.21A(1) in light of the circumstances of this case, we determine the district court properly determined Leonard should pay Michelle spousal support of $1500 per month "continuing until such time as Leonard retires and begins to

draw benefits from his Municipal Fire & Police Retirement System of Iowa pension." We will disturb the district court's award of spousal support only when there has been a failure to do equity. *In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005). We affirm on the issue of spousal support.

### V. Attorney Fees

**A.** Michelle claims the district court should have required Leonard to pay a greater amount of her trial attorney fees. We review a district court's decision granting trial attorney fees in a dissolution action for an abuse of discretion. *Sullins*, 715 N.W.2d at 255. "Whether attorney fees should be awarded depends on the respective abilities of the parties to pay." *Id.*

Michelle states her trial attorney fees were $21,697. The court ordered Leonard to pay $750 of these fees. The court found Michelle was awarded a greater amount of liquid assets than Leonard and neither party proceeded to trial in bad faith. The court concluded, "As Michelle has adequate assets to pay her attorney fees herein, and while Leonard has his own attorney fees herein, the Court will not require either party to pay the other's attorney fees as a general result of the trial herein." We conclude the district court did not abuse its discretion in the award of trial attorney fees.

**B.** Michelle also requests attorney fees of $6863 for this appeal. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Id.* In determining whether to award appellate attorney fees, we consider, "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Both parties appealed, and both parties

responded to the other parties' claims on appeal. Additionally, we recognize Michelle was awarded a greater share of the liquid assets. We determine each party should be required to pay his or her own appellate attorney fees.

We affirm the parties' dissolution decree, except we modify the decree to provide Leonard's pension should be divided pursuant to a marital property order in accordance with the *Benson* formula as outlined in this opinion and remand on this issue. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED AND REMANDED.**