In re the MARRIAGE OF Judith G. WHEELER and Ronald L. Wheeler.

Upon the Petition of Judith G. Wheeler, Petitioner–Appellee,

And Concerning Ronald L. Wheeler, Respondent–Appellant.

No. 85–1798.

Court of Appeals of Iowa.

Nov. 30, 1987.

Don E. Gottschalk of Gottschalk, Shinkle & Long, Cedar Falls, for respondent-appellant.

Donald B. Redfern of Redfern, McKinley, Mason & Dieter, Cedar Falls, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SCHLEGEL, HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Both parties in this appeal challenge the economic portion of the trial court's decree dissolving their marriage. Respondent Ronald Wheeler argues that the trial court incorrectly calculated the value of his vested unmatured pension program and thus urges that the portion of the plan awarded to the petitioner is incorrect. Petitioner Judith Wheeler has cross-appealed, arguing that the trial court erred in ordering the respondent to pay her portion of the pension over a period of eight years without requiring him to pay interest thereon. We affirm as modified.

Before proceeding to a discussion of the issues set forth above, we find it useful to briefly delineate the principles controlling our review. It is well settled that the standard of review which we employ in cases of this nature is de novo. Iowa R.App.P. 4. Accordingly, we review the facts and the law and determine the parties' rights anew where the issues have been properly presented and preserved. *In*

*re Marriage of Phipps*, 379 N.W.2d 26, 27 (Iowa App.1985). Although we are not bound by the findings of fact made by the trial court, we do give them weight, particularly where the credibility of witnesses is at issue. *In re Marriage of Bornstein*, 359 N.W.2d 500, 502 (Iowa App.1984).

■ Initially, we note our concurrence with the trial court's conclusion that Judith is entitled to share to some extent in Ronald's pension benefits. *See In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982) (pension benefits are properly considered in fashioning the economic portion of a dissolution decree). A question remains, however, concerning the proper manner of apportioning Ronald's pension among the parties. Significantly, the courts of this state have sanctioned a variety of methods for calculating the value of and dividing pension and retirement benefits. *See, e.g., In re Marriage of Bevers*, 326 N.W.2d at 899–900; *In re Marriage of Jones*, 309 N.W.2d 457, 459–61 (Iowa 1981).

■ The supreme court in *In re Marriage of Bevers*, 326 N.W.2d 896 (Iowa 1982), stated:

At the time of trial the fund amounted to $24,000, only $10,524 of which had accumulated during the period of the marriage.... The trial court discounted the amount of pension fund accumulated during the marriage to its present value and awarded Betty $2,500 as her present interest.... We find that the division of the parties' interest in the pension fund was reasonable and equitable under this record.

*Id.* at 900. Thus, under the holding in *Bevers*, we must examine the Wheeler pension fund and:

1. Determine the value of the fund accumulated during the marriage; and

2. Discount the fund's value to its present worth.

The trial court concluded:

While annuities are a fixed and certain amount and retirement programs are more speculative, it would appear that an assessment of the current value at $71,-232.00 is a fair valuation of the current pension program. Ron's retirement program has vested at this point and since the parties were married prior to Ron's starting at John Deere, Judy should be entitled to half interest in the current value of that program. However, at this time the respondent's interest in the retirement fund is purely an expectancy and if the Court is to award a present monetary award to the petitioner for an interest in the respondent's benefits, her claim must be discounted 20 percent for certainty of payment, resulting in a property award of $28,493.00. She shall receive $3,561.60 per year commencing June 1, 1985, for eight years as settlement of her interest in the John Deere Retirement Fund, to be paid $296.80 a month commencing June 1, 1985, for 96 months.

While the trial court did not specify how it arrived at the figure of $71,232.00, it is obvious from the record that the court assumed Ronald would retire at 52. Ronald is currently 44 years old. Tom Taber, a financial consultant, testified that, if Ronald retired at 52, the value of the pension would be $71,232.00. However, Mr. Taber also testified that, if Ronald retired at 65, the present value of the pension would be $16,162.86.

We hold the present value of Ron's pension should be determined based on an age of 65 retirement with no future services with the company credited after the dissolution of marriage. We conclude the present value of the pension is $16,162.86.

■ Although the pension is vested, neither Ronald nor his estate will receive anything if he fails to survive to retirement. Ronald urges us to postpone payment of Judith's interest until he receives any benefits.

In *Bevers, supra*, the court granted the spouse an immediate payment of a contingent pension. *Bevers*, 326 N.W.2d at 900. We, therefore, modify the decree to require Ronald to pay Judith $8,000.00. This amount shall be payable over an eight-year period in installments of $1,000.00 without interest. The first annual payment shall be made within 60 days following the filing of

this opinion, and subsequent payments shall be made on the first payment's anniversary date until the entire obligation is discharged.

AFFIRMED AS MODIFIED.