In re the MARRIAGE OF Joan L. WILLIAMS and Carl M. Williams.

Upon the Petition of

Joan L. Williams, Appellant/Cross–Appellee,

And Concerning Carl M. Williams, Appellee/Cross–Appellant.

No. 88–1185.

Court of Appeals of Iowa.

Oct. 24, 1989.

Richard C. Schenck, Salvo, Deren, Schenck & Lauterbach, P.C., for appellant/cross-appellee.

Curtis J. Heithoff, Council Bluffs, for appellee/cross-appellant.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

Appellant/cross-appellee Joan L. Williams and appellee/cross-appellant Carl M. Williams appeal from a dissolution decree, challenging economic provisions. Joan also requests attorney's fees on appeal. We affirm as modified.

In this equity action, our scope of review is de novo. Iowa R.App.P. 4. Our duty is to review the entire record and determine rights anew from the credible evidence on issues properly presented and preserved. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

The parties, Carl and Joan Williams, were married in 1965. Their one child is an adult.

Carl has worked for Western Electric (now AT & T) since before the marriage. He presently earns about $33,000 per year. In addition, he receives a veteran's disability pension of $579.80 per month due to the loss of a leg while he was in the armed services.

Joan was employed at the time of the marriage but soon thereafter terminated her employment and has been primarily a housewife. Her education and employment experience are limited, and she suffers from a heart condition.

The parties' primary assets were two pieces of real estate: an Omaha house valued by the court at $42,000, and a 52–acre farm owned by Joan before the marriage. The farm is mostly rough land and has a house in poor condition. The court valued the farm at $26,500.

The dissolution decree awarded the farm, together with livestock and equipment, to Joan. The decree awarded Carl the house in Omaha, along with unspecified employment pension rights and a $3,200 IRA. In addition, each party was awarded various vehicles and small assets. Carl was directed to assume all of the parties' debts, which totaled $14,630. Joan has appealed from the decree, and Carl has cross-appealed.

Joan contends the division of property was inequitable. Joan asserts that the property division was unfair because she was awarded her farm, bought with her premarital assets, and Carl was awarded the home in Omaha which they jointly bought and paid for during the marriage.

The ultimate question is whether the property distribution was equitable. The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

We first address the value placed on the farm by the district court. On the day of trial, Joan filed a financial statement claiming the property to be worth $26,500. At trial Joan submitted a $26,500 appraisal to support her assessment. The district court admitted this appraisal over Carl's hearsay objection. Carl's objection was based on the fact he had no opportunity to cross-examine the person making the appraisal. Carl's financial statement claimed the value of the farm to be $42,500. The district court found the property to be worth $26,500.

Iowa Rule of Evidence 801(c) defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted. Rule 803 provides that hearsay is inadmissible unless it falls within one of the enumerated exceptions. Clearly this appraisal is hearsay. Joan does not suggest any exception to the hearsay rule would apply. We conclude that this appraisal was inadmissible hearsay and we do not consider it as we determine the value of the farm property. *See In re Marriage of Reschly*, 334 N.W.2d 720, 723 (Iowa 1983); *In re Marriage of Williams*, 303 N.W.2d 160, 163 (Iowa 1981).

We base our decision only on the values placed on the farm included in the parties' financial statements. As previously noted Carl valued the farm at $42,500. In a financial statement, for purposes of a temporary hearing, Joan valued the farm at $41,000 and at time of trial valued it at $26,500. There is no other evidence regarding the value of the farm in the record. Considering this evidence we find the middle ground of $34,000 to be a reasonable valuation of the farm property. *See In re Marriage of Conley*, 284 N.W.2d 220, 222 (Iowa 1979) (middle ground valuation by trial court "not out of line"). We believe this value to be well within the permissible range of the evidence. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

Joan insists that an equitable division of the marital property requires the value of Carl's tangible contributions to the farm's appreciation be determined and that she be awarded her share of the Omaha home awarded to Carl.

In *In re Marriage of Lattig*, 318 N.W.2d 811 (Iowa App.1982), we addressed the division of appreciated property acquired before a marriage. We stated "the underlying premise of our analysis is that an equitable property division of the appreciated value of the property should be a function of the tangible contributions of each party and not the mere existence of the marital relationship." *Id.* at 815. However, the "critical inquiry is whether the distribution is equitable in the particular circumstances of this case." *In re Marriage of Wallace*, 315 N.W.2d 827, 830 (Iowa App.1981).

Joan claims the trial court mistakenly treated the farm she purchased with her premarital assets on the same basis as the parties' Omaha home which they jointly purchased during the marriage.

Joan purchased the farm property in May 1960 for $1,827.00. There is no evidence in the record regarding the value of the farm at the time of the marriage in 1965. In February 1966, six months after the parties were married, final payment was made on the farm property. The parties made extensive repairs and improvements on the property including a new roof, well and septic system, structural repairs to the house, and erection of a couple of outbuildings. Carl performed most of the labor for these repairs and improvements.

Carl purchased a home prior to the parties' marriage. During the marriage, this home was sold with an equity of approximately $2,500.

In its findings the trial court stated:
The Court finds that all of the assets that the parties own at the time of this

hearing have been accumulated by the parties through their joint efforts. The Court finds that the farm in which the petitioner had an equity of slightly less than $2,000 was contributed to the marriage and that the home that the respondent had at the time of the marriage was contributed to the marriage and therefore the Court concludes that these items in all equity balance out.

We find that the district court recognized Carl's contribution to the appreciated value of the farm. Although the trial court did not determine the value of Carl's tangible contribution to the farm's appreciated value, we believe on the whole the property division was equitable. Here Joan was awarded the farm that we have valued at $34,000, without a deduction for Carl's contribution to its appreciated value. Carl was awarded the Omaha home the trial court valued at $42,000. Additionally, Carl was ordered to pay the parties' debts totaling $14,630. Joan received assets totaling $45,680 and Carl received assets totaling $52,550. After Carl pays the parties debts he will have net assets of $37,920. We find this property division to be fair and equitable under the circumstances of this case.

Next, Joan contends that the trial court's failure to assign any value to Carl's retirement pension or his disability pension is evidence that the property division was inequitable.

■ Pension benefits are treated as marital property and are subject to equitable distribution. *In re Marriage of Howell,* 434 N.W.2d 629, 632 (Iowa 1989); *In re Marriage of Mott,* 444 N.W.2d 507, 510 (Iowa App.1989).

■ The district court's decree does not provide for the distribution of Carl's AT & T pension benefits. We find awarding Joan a portion of Carl's pension benefits if and when they accrue to be appropriate for the circumstances of this case. *See In re Marriage of Curfman,* 446 N.W.2d 88, 90 (Iowa App.1989); *Mott,* 444 N.W.2d at 511; *In re Marriage of Woodward,* 426 N.W.2d 668, 671 (Iowa App.1988); *Petition of Sturtz,* 415 N.W.2d 173, 175 (Iowa App.

1987) (Sackett, J., concurring in part and dissenting in part). Carl's pension should be distributed according to its present worth. *See In re Marriage of Bevers,* 326 N.W.2d 896, 900 (Iowa 1982); *In re Marriage of Wheeler,* 418 N.W.2d 362, 363 (Iowa App.1987). If Carl retired now, he would receive a monthly benefit under the AT & T plan as of March 4, 1988 of $839.51. Joan should receive a percentage of the accrued benefits based on the years of employment during the marriage. The appropriate portion of the pension accumulated during the marriage is $23/29$. Twenty-three represents the duration of the marriage. Twenty-nine represents the total number of years during which Carl's pension benefits accumulated prior to being paid. *See Howell,* 434 N.W.2d at 633; *Curfman,* 446 N.W.2d at 90. The total benefits which are marital property amount to $665.81 per month.

■ We distribute the pension pursuant to the factors in Iowa Code section 598.-21(1). At time of trial Joan was 56 years old. Joan was employed at the time of the marriage but soon thereafter terminated her employment and has been primarily a housewife. Her education and employment experience are limited, and she suffers from a heart condition. Joan has accrued no retirement benefits. At time of trial Carl was 49 years old and had no immediate plans to retire. He has been employed for 29 years, has an artificial leg and some disc deterioration in his back. We find it equitable to award Joan fifty percent of the marital pension. We modify the district court's decree to provide that Joan shall receive $332.90 monthly when Carl begins to receive his pension. This award is a property award and not alimony. When Carl commences drawing his pension he shall file with the Clerk of Court of Harrison County a statement from AT & T showing the amount of monthly benefits he will receive. On or before the last day of each month he shall pay to Joan through the Clerk of Court of Harrison County $332.90 of the pension payment. Judgment shall be rendered against Carl for any amounts not paid.

Joan also asserts error by the district court in failing to assign any value to Carl's disability pension. "[D]isability payment[s] to a retired service member injured in the line of duty cannot be considered compensation for past services rendered" and is not considered marital property. *Howell*, 434 N.W.2d at 632–33. However, such disability payments may be considered in granting alimony. *Id.* We consider the alimony and property division together in evaluating their individual sufficiency. *In re Marriage of Dahl*, 418 N.W.2d 358, 359 (Iowa App.1987); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

The district court noted that Carl was receiving $579.80 per month as a Veteran's Disability Pension and concluded that Carl pay Joan alimony in the amount of $1,000 per month. Considering Joan's alimony award of $1,000 per month, together with the property she received, we believe there has been an equitable distribution of the property.

In his cross-appeal, Carl contends his alimony obligation is excessive. Alimony is not an absolute right, but must be determine in light of all circumstances. *In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982). When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App. 1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432 (Iowa 1981). We determine the alimony provision made by the district court to be appropriate.

Joan also contends the district court should have awarded her attorney fees at trial. Neither party was awarded attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W. 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion.

*Id.* Awards of attorney fees must be based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). There is no evidence that the district court abused its discretion in not awarding Joan attorney fees.

In addition, she seeks attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Joan requests $5,068 in attorney fees on appeal. We order Carl to pay $2,500 of Joan's attorney fees on appeal. Costs of appeal shall be split fifty-fifty among the parties.

AFFIRMED AS MODIFIED.