# IN THE COURT OF APPEALS OF IOWA

No. 18-2212
Filed August 7, 2019

IN RE THE MARRIAGE OF JAMES MATHIAS HANSEN
AND BRANDY SUE HANSEN

Upon the Petition of
JAMES MATHIAS HANSEN,
        Petitioner-Appellee,

And Concerning
BRANDY SUE HANSEN,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Jackson County, John D. Telleen,

Judge.


        Brandy Hansen appeals from the decree dissolving her marriage.

**AFFIRMED.**


        Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P.,

Dubuque, for appellant.

        Jamie A. Splinter of Splinter Law Office, Dubuque, for appellee.


        Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Brandy Hansen appeals from the decree dissolving her marriage to James Hansen. She argues the district court erred in granting James physical care of two children and child support. We affirm.

The parties' relationship began in 2004. Soon after, Brandy gave birth to a child, referred to here as the "oldest child." In 2010, James and Brandy married. James adopted the oldest child. James and Brandy had two more children, referred to here as the "younger children."

By 2014, the parties' relationship was deteriorating. It was marred by substance abuse and domestic violence. By 2016, the Iowa Department of Human Services was involved.

Also in 2016, James commenced this dissolution action. Although the parties agreed they should be awarded joint legal custody of the children, neither party suggested joint physical care was appropriate. Instead, each party asked for physical care.

Following a two-day trial, the district court entered a decree dissolving the marriage. The court granted physical care of the oldest child to Brandy, physical care of the younger children to James, and child support to James. Brandy appealed.

We review dissolution proceedings de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Even so, we afford deference to the district court. *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017). "[W]e will affirm . . . unless the district court failed to do substantial equity." *Id.*; *see also In re P.C.*, No. 16-0893, 2016 WL 4379580, at *2 (Iowa Ct. App. Aug. 17, 2016)

(identifying "reasons to exercise 'de novo review with deference,' including: notions of judicial comity and respect; recognition of the appellate court's limited function of maintaining the uniformity of legal doctrine; recognition of the district court's more intimate knowledge of and familiarity with the parties, the lawyers, and the facts of a case; and recognition there are often undercurrents in a case—not of record and available for appellate review—the district court does and should take into account when making a decision").

Brandy argues the district court erred in granting James physical care of the younger children. When deciding physical care, "[t]he children's best interest is the 'controlling consideration.'" *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (quoting *In re Marriage of Leyda*, 355 N.W.2d 862, 865 (Iowa 1984)). This standard requires us to examine each family's unique circumstances on a case-by-case basis. *Id.* We consider which parent would support the other's relationship with the children as well as continuity, stability, and approximation. *In re Marriage of Hansen*, 733 N.W.2d 683, 700 (Iowa 2007). We also consider additional factors relating to the children's safety and other needs. *See* Iowa Code § 598.41(3) (2016); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974).

As is often the case, our determination of physical care depends heavily on testimony and—therefore—witness credibility. *See In re Marriage of Vrban*, 359 N.W.2d 420, 422 (Iowa 1984). As Justice Wolle observed,

> There is good reason for [our appellate courts] to pay very close attention to the trial court's assessment of the credibility of witnesses. The trial court deciding dissolution cases "is greatly helped in making a wise decision about the parties by listening to them and watching them in person." In contrast, appellate courts must rely on the printed record in evaluating the evidence. We are denied the impression

created by the demeanor of each and every witness as the testimony is presented.

*Id.* at 423 (citations omitted). Accordingly, when the parties present contrasting versions of events, we generally defer to the district court's credibility determinations. *In re Marriage of Wallert*, No. 16-1669, 2017 WL 4843183, at *2 (Iowa Ct. App. Oct. 27, 2017).

Applying these principles, we conclude James is best situated to provide a stable home for the younger children. His work schedule is more flexible, and the children lived at his residence for the majority of their lives. Moreover, as the district court discussed in detail, only James is prepared to "support the other parent's relationship with the child[ren]." Iowa Code § 598.41(5)(b). Under the particular facts of this case, we assign great weight to this factor. *See id.*; *see also Axline v. Wylie*, No. 13-1120, 2014 WL 3747684, at *2 (Iowa Ct. App. July 30, 2014) ("Some factors are given more weight than others, and the weight assigned to each factor turns on the particular facts of a case.").

Two of Brandy's contentions deserve particular mention. First, Brandy challenges some of the district court's factual findings. Her challenges depend heavily on her own testimony. But the district court made express credibility findings against Brandy. Conversely, the court credited the testimony of James and other witnesses. As explained above, we generally rely on the district court's findings "regarding the believability of the parties because of the trial judge's superior ability to gauge their demeanor." *In re Marriage of Geary*, No. 10-1964, 2011 WL 2112479, at *1 (Iowa Ct. App. May 25, 2011). We rely on those findings here. *See In re Estate of Loy*, No. 12-0766, 2013 WL 1759930, at *4 (Iowa Ct.

App. Apr. 24, 2013) ("Where a factual determination hinges on the relative believability of the witnesses, we rely on the district court's findings.").

Second, Brandy argues the district court erred in admitting a written statement from a physician.[1] We agree that Brandy's hearsay objection was valid. *See* Iowa Rs. Evid. 5.801(c), .802, .1101. Therefore, in our review, we have not relied on the physician's statement. *See* Iowa R. Evid. 5.801; *Williams*, 449 N.W.2d at 881. Even so, we still conclude the district court reached the correct physical-care determination.

As to the award of child support, Brandy does not dispute the district court's calculation of the parties' income, health insurance costs, or dependency deductions. Instead, she contends that, "in the event [she were] awarded physical care," James should be required to pay child support. As explained above, however, we agree with the district court's physical-care determination. Therefore, we do not disturb its child support award.

Both parties seek appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *See McDermott*, 827

---

[1] In equity cases, the district court should "receive all exhibits subject to objection." *In re Marriage of Thompson*, No. 10-0056, 2011 WL 441698, at *2 (Iowa Ct. App. Feb. 9, 2011). "This procedure permits de novo review of the record in the appellate courts." *Hughes A. Bagley, Inc. v. Bagley*, 463 N.W.2d 423, 426 (Iowa Ct. App. 1990). It "allows the appellate court, if it finds error in its de novo review, to decide the case on the record without a remand." *Leo v. Leo*, 213 N.W.2d 495, 498 (Iowa 1973).

But "[e]quity courts" must still "give effect to the general rules of evidence." *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 899 (Iowa 1981); *see also* Iowa R. Evid. 5.1101 (providing the rules of evidence are applicable to all proceedings except those specifically identified). Therefore, when finding facts in a dissolution case, the court should not rely on exhibits or testimony to which a valid objection has been made. For example, in *In re Marriage of Williams*, we concluded a farm appraisal was "inadmissible hearsay." 449 N.W.2d 878, 881 (Iowa Ct. App. 1989). Accordingly, "we [did] not consider it as we determine[d] the value of the farm property." *Id.*

N.W.2d at 687 (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)). "In determining whether to award appellate attorney fees, we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *Okland*, 699 N.W.2d at 270). After considering the relevant factors, we decline to award either party appellate attorney fees.

**AFFIRMED.**