**In re the MARRIAGE OF Patricia A. SCHONTS and Harry Schonts.**

**Upon the Petition of Patricia A. Schonts, Petitioner-Appellant,**

**and Concerning Harry Schonts, Respondent-Appellee.**

**No. 83–442.**

Court of Appeals of Iowa.

Dec. 27, 1983.

Morris C. Hurd, Ida Grove, for petitioner-appellant.

Thomas H. Treinen, Battle Creek, for respondent-appellee.

---

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

The petitioner-wife, trying to collect a child support arrearage under the parties' 1977 dissolution decree, started proceedings to garnish money the husband had deposited in a bank. The husband filed a motion to quash garnishment, alleging that the money in his bank account was exempt from garnishment because it all derived from either social security disability benefits or workers' compensation benefits. The trial court sustained this motion to quash garnishment, and the wife has appealed. We reverse.

Petitioner-wife contends the "motion to quash garnishment" was not a proper procedural vehicle to raise the husband's allegations of exemption from garnishment. She also contends that the husband's allegations of exemption from garnishment are without merit; she argues that social security disability benefits are not a statutorily exempt "pension," and she argues that workers' compensation benefits are exempted by statute only when they are "due" or "may become due," not when they have already been paid to the injured employee. No brief was filed by appellee.

## I. Motion to Quash

■ Iowa Code section 642.15 states in part:

The defendant in the main action may, by a *suitable pleading* filed in the garnishment proceedings, set up facts showing that the debt ... is exempt from execution...

Iowa Code § 642.15 (emphasis added). In Mr. Schonts' attempt to do this, he filed a motion to quash garnishment. We agree that a motion is not a pleading. Iowa R.Civ.P. 109. Nevertheless, in a situation where it is obvious on the face of the assailed motion that the defendant has "set up facts" to show exemption as required by section 642.15, the motion to quash was sufficient "suitable pleading" to comply with section 642.15. *See Pride v. Peter-*

*son*, 173 N.W.2d 549, 554 (Iowa 1970). The substance of the response takes precedence over its label.

## II. Disability and Workmen's Compensation

■ Patricia contends that Harry's worker's compensation and social security disability funds should be available for payment of past-due child support payments. We agree. At the trial court level, Harry contended that his social security disability is a pension and as such is exempt under Iowa Code section 627.8 and 42 U.S.C. § 407. Under 42 U.S.C. § 407, social security benefits are neither assignable nor subject to other legal process. *See Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). However, subsequent to 42 U.S.C. § 407 and the *Philpott* case, Congress enacted an exception to the general rule against assignment and legal process, that exception being 42 U.S.C. § 659. Such section states in part:

Notwithstanding any other provision of law, effective January 1, 1975, moneys ... due from, or payable by, the United States ... to any individual ... shall be subject ... to legal process brought for the enforcement, against such individual of his legal obligations to provide child support and alimony payments.

42 U.S.C. § 659. Similar to 42 U.S.C. § 407, Iowa Code section 627.8 exempts all pension money received from legal process. However, the exemption statutes in Iowa were enacted for the benefit of the husband, wife, and family, *In re Bagnall's Guardianship,* 238 Iowa 905, 940, 29 N.W.2d 597, 615 (Iowa 1947); as such, the court in that case stated:

It would be incongruous and unjust to hold that all of these exemptions from liability for ordinary debts should operate to the prejudice of the wife or children in a contest with the husband as to alimony and support money when the principal reason for the exemption was to secure these dependents.

*Id.* at 942, 29 N.W.2d at 615. The enactment of 42 U.S.C. § 659 only serves to reinforce Iowa case law. Section 659 reflects the importance that Congress, as well as the Iowa courts, attributes to support payments. Furthermore, these exceptions are also true of statutes exempting worker's compensation payments. *Bagnall* at 940, 29 N.W.2d at 615. Therefore, we hold that the child support payments may be enforced against Harry's exempt property.

The original divorce decree ordered Harry to pay Morris Hurd, attorney for Patricia, the sum of $400. It also ordered that he pay the court costs for the divorce proceedings. We find that the attorney's fees and court costs ordered paid by Harry in the original divorce decree constitute an exception to the exemption statute in the same manner as did the child support. *Luedecke v. Luedecke,* 195 Iowa 507, 510–11, 192 N.W. 515, 516–17 (Iowa 1923). In accordance with that view, the 42 U.S.C. § 659 exception for child support, also includes "attorney's fees, interest, and court costs, when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment." 42 U.S.C. 662(b). *See Marriage of McMorrow,* 342 N.W.2d 73 (Iowa 1983).

Therefore, we reverse and remand this case to the trial court to allow the child support and the original attorney's fees and court costs ordered paid to be enforced against Harry's social security disability and his worker's compensation pay.

We make note, however, the trial court should consider the particular circumstances of the case so as not to appropriate all of Harry's money to satisfy the arrears if, indeed, he relies on that money for his sole support. *See* 24 Am.Jur.2d, § 723. The payment of the arrears should be geared to the particular case.

REVERSED AND REMANDED.