**Dawn Elaine Swipies BRUNING, Appellee,**

v.

**Kenneth Harold SWIPIES, Appellant.**

No. 92-313.

Supreme Court of Iowa.

April 21, 1993.

Kenneth Harold Swipies, Oto, pro se.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Deputy Atty. Gen., Robert R. Huibregtse, Asst. Atty. Gen., and Maurine H. Heeger, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

The primary question in this case is whether, pursuant to Iowa Code section 627.13 (1991), workers' compensation benefits are exempt from garnishment when the funds are levied upon to satisfy a child support obligation. The district court determined the benefits are not exempt in this situation. We affirm.

The facts are not disputed. On March 12, 1990, Dawn and Kenneth Swipies' marriage was dissolved. The district court's dissolution decree ordered Kenneth to pay $175 per month in child support for their child, Kendra. Kenneth did not stay current on his child support obligations, and he became over $5500 in arrears.

Acting upon Dawn's request, the child support recovery unit sought an execution from the county clerk of court and garnished Kenneth's workers' compensation benefits. Thereafter, Kenneth filed a motion to dismiss/quash the garnishment, which the district court overruled.

On appeal, Kenneth argues that, pursuant to section 627.13, his workers' compensation benefits were unconditionally exempt from garnishment. Formerly, section 627.13 [1] provided: "Any compensation due or that may become due an employee or dependent under the provisions of chapter 85 shall be exempt from garnishment, attachment, and execution." Dawn responds that, pursuant to *In re Bagnall's Guardianship,* 238 Iowa 905, 29 N.W.2d 597 (1947), these exemptions do not apply to the enforcement of child support obligations.

*Bagnall* involved the question of whether property purchased with the proceeds of disability compensation or pension, war risk insurance, and bonuses received from the United States were exempt from satisfying the alimony provision of a dissolution decree. *Bagnall,* 238 Iowa at 906, 29 N.W.2d at 597. In *dicta,* this court determined that, notwithstanding statutes to the contrary, workers' compensation payments were not exempt from legal action to secure the payment of a child support or alimony obligation. *Id.* at 940, 29 N.W.2d at 615. In support of this proposition, the court stated:

> It would be incongruous and unjust to hold that all of these exemptions from liability for ordinary debts should operate to the prejudice of the wife or children in a contest with the husband as to alimony and support money when the principal reason for the exemption was to secure these dependents.

*Id.*

*Bagnall* has more recently been cited as authority for applying this exception to section 627.13 in *In re Marriage of Schonts,* 345 N.W.2d 145, 146 (Iowa App.1983). *Schonts* involved a wife's attempt to garnish her former husband's bank account in order to satisfy the husband's child support arrearage. *Id.* The husband argued that the monies in the bank were exempt from garnishment because they were all derived from either social security disability benefits or workers' compensation benefits. *Id.* The district court agreed and sustained the husband's motion to quash the garnishment. *Id.* Citing *Bagnall* and a federal statute providing a similar exception for social security benefits, the court of appeals reversed and remanded. *Schonts,* 345 N.W.2d at 147. We find both *Bagnall* and *Schonts* persuasive.

We find section 627.13 (1991) did not prevent the garnishment of a party's workers' compensation benefits for purposes of securing payment for a child support obligation. Accordingly, we uphold the garnishment of Kenneth's workers' compensation benefits.

**AFFIRMED.**

---

1. Section 627.13 now provides:
   Any compensation due or that may become due an employee or dependent under chapter 85 is exempt from garnishment, attachment, execution, and assignment of income, except for the purposes of enforcing child, spousal, or medical support obligations.