**In re the MARRIAGE OF Jane Ann DENUYS and Christopher Scott Denuys.**

**Upon the Petition of Jane Ann Denuys, Appellee,**

**And Concerning Christopher Scott Denuys, Respondent.**

**Municipal Fire and Police Retirement System of Iowa, Appellant.**

No. 94–1846.

Supreme Court of Iowa.

Feb. 14, 1996.

Alice E. Helle & James H. Gilliam of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum and Walker, P.L.C., Des Moines, for appellant.

M. Leanne Tyler of Soper & Tyler, P.C., Davenport, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

McGIVERIN, Chief Justice.

The present case involves an interpretation of Iowa Code sections 411.13 and 252D.8 (1995) in which the district court found that a mandatory wage withholding order to enforce a child support obligation could properly issue in reference to respondent Christopher DeNuys' disability pension through the Municipal Fire and Police Retirement System of Iowa. Because we agree with the court's conclusion, we affirm.

I. *Background facts and proceedings.* In 1979, petitioner Jane DeNuys married respondent Christopher DeNuys. In July 1994, Jane filed a petition to dissolve the marriage. She requested that the court award her sole legal custody and primary physical care of the parties' three children, and that the court order respondent to pay child support. Although served with original notice of the action, Christopher never appeared in this matter, either personally or through counsel. When the petition was filed, Jane worked part-time and earned approximately $500 per month. Christopher was unemployed but received a $1,701 per month net disability pension from the appellant Municipal Fire and Police Retirement System of Iowa (System).

The district court granted Jane's request on a temporary basis and entered a temporary mandatory withholding order directing the payor System to deduct $668 per month from Christopher's disability pension and remit such amount to the clerk of district court to satisfy his child support obligation in that amount until further court order. *See* Iowa Code § 252D.1(3).[1] In response, the payor System filed a motion to reconsider in which it claimed Iowa Code section 411.13 prohibited it from complying with the court's mandatory income withholding order. Christopher did not move to quash the court's withholding order concerning his income. *See id.* § 252D.2(1).

---

1. Pursuant to statute, the payor, in this case the System, is statutorily required to "withhold and transmit the amount specified in the order of assignment to the clerk of the district court...." *See* Iowa Code § 252D.2(2).

Jane resisted the System's motion to reconsider. After a hearing, the court overruled the System's motion, finding that the legislature did not intend to exempt the System's pension benefits from satisfying child support obligations like Christopher's.

In November 1994, the district court filed a decree dissolving the marriage of Jane and Christopher DeNuys. The court awarded sole legal custody and primary physical care of the parties' three children to Jane. The court ordered Christopher to pay Jane $668 per month in child support. In a separate filing, the court ordered the System to withhold and pay to the clerk of district court $668 of respondent Christopher's monthly disability pension to satisfy his support obligation, thus converting the earlier temporary order into a permanent order.

From the district court's ruling on its motion to reconsider and the final decree as it affected the System, the System appeals claiming Iowa Code chapter 411 prohibits the System from paying a disability pension to anyone other than the respondent, Christopher. Jane, as appellee, seeks to uphold the order and requests appellate attorney fees. As Christopher never appeared in this matter, he is not a party to this appeal.

■ II. *Standard of review.* Our typical review of an equitable action is de novo. Iowa R.App.P. 4; *In re Marriage of Brown,* 487 N.W.2d 331, 332 (Iowa 1992). However, because this case involves undisputed facts and statutory interpretation, our review is for correction of errors at law. Iowa R.App.P. 4.

III. *Mandatory income withholding order and purported exemption of Iowa Code chapter 411 benefits.* This case presents the following issue for our resolution: In light of Iowa Code section 411.13, may a court validly order the System to withhold chapter 411 disability pension benefits, pursuant to Iowa Code section 252D.8, in order to satisfy a benefit recipient's court-ordered child support obligation? The district court answered this question in the affirmative and, for the reasons stated below, we agree with its legal conclusion that a court-ordered involuntary transfer of Christopher's pension income does not violate section 411.13.

On appeal, the System, as appellant, challenges the court's determination and Jane, as appellee, seeks to uphold it.

A. *The applicable statutes.* For child support orders issued after January 1, 1994, such as the one in the present case, Iowa Code section 252D.8 allows the district court to issue an immediate income withholding order to satisfy a support obligation. That statute provides in pertinent part:

> ... [I]n any [child] support orders issued or modified after January 1, 1994, ... the income of a support obligor [such as the respondent] is subject to withholding, on the effective date of the order, regardless of whether support payments by the obligor are in arrears.... The income of the obligor is subject to immediate withholding unless one of the following occurs: [conditions not relevant here].

Iowa Code § 252D.8(1). This statute assures that the obligor's minor children will receive the decreed support and there is no opportunity for the obligor, in this case the respondent Christopher, to escape his legal and moral obligation to support his dependents.

Iowa Code section 411.13, however, provides:

> The right of any person to a [chapter 411 disability] pension ... and the moneys in the fire and police retirement fund created under this chapter ... are not subject to execution, garnishment, attachment, or any other process whatsoever, and are unassignable except as in this chapter specifically provided.

*Id.* § 411.13.

A reading of section 252D.8 in light of section 411.13 reveals the conflict which is the subject of this appeal. On the one hand, the plain language of section 252D.8(1) allows the district court to issue an order withholding appropriate money from respondent Christopher's income to satisfy his child support obligation. On the other hand, section 411.13 exempts chapter 411 pensions from "execution, garnishment, attachment, or any other process whatsoever...." The quandary exists in this case because the district court issued an order under section 252D.8

directing the System to withhold a portion of Christopher's chapter 411 disability pension benefits and pay it to the clerk of district court, whereas the plain language of section 411.13 could be read to exempt such benefits from such court-ordered withholding.

■ B. *The parties' contentions.* The System argues the plain language of section 411.13 prohibits enforcement of the mandatory withholding order issued by the court under section 252D.8(1). The System also contends that our decision in *In re Marriage of Branstetter,* 508 N.W.2d 638 (Iowa 1993), on which the district court relied, is not helpful to petitioner Jane because that case involved neither an interpretation of section 252D.8 nor the withholding of chapter 411 benefits for *child support* purposes. In sum, the System asserts that, due to the language of section 411.13, it cannot legally pay any portion of Christopher's chapter 411 pension to another source, including the clerk of district court in the present case.

Jane contends, citing *Branstetter* and other cases, that section 411.13 was never intended to restrict immediate income withholding for enforcement of child support orders in dissolution cases and, therefore, the district court's order in this case was properly authorized pursuant to section 252D.8. She contends the *Branstetter* case's rationale was that the principal purpose of the section 411.13 exemption, like many other exemption statutes, was to protect both the pension benefit recipient *and* the recipient's dependents from outside creditors; therefore, section 411.13 should not prevent statutory withholding of income for dependent child support purposes.

■ The parties do not dispute that a chapter 411 disability pension is "income" for child support purposes, *cf. In re Marriage of Lee,* 486 N.W.2d 302, 305 (Iowa 1992) (veterans' pensions), and is a marital asset subject to division in dissolution cases. *Branstetter,* 508 N.W.2d at 640. Respondent Christopher's disability pension is his only income

and, therefore, monies cannot be withheld from any other source to satisfy his $668 per month child support obligation.

C. *Applicable authority.* We have stated that "[t]here is powerful proof ... that the legislature places the highest priority on a child's right to receive parental support," *In re Marriage of McMorrow,* 342 N.W.2d 73, 76 (Iowa 1983), and both parents have a legal and a moral obligation to support their children. *See* Iowa Code § 598.21(1), (4), (4)(a); *McMorrow,* 342 N.W.2d at 76; *In re Marriage of Carney,* 206 N.W.2d 107, 112 (Iowa 1973); *Addy v. Addy,* 240 Iowa 255, 258, 36 N.W.2d 352, 354 (1949), *overruled on other grounds by Brown v. Brown,* 269 N.W.2d 819 (Iowa 1978); *State v. Manley,* 197 Iowa 46, 50, 196 N.W. 724, 726 (1924); *In Interest of T.Q.,* 519 N.W.2d 105, 107 (Iowa App.1994). Consistent with this well-founded policy view, the legislature enacted section 252D.8 to ensure that a child deprived of an intact family will not be deprived of financial support until emancipated or until reaching the age of majority.

Our previous cases have not addressed the specific issue in the present case. However, recent decisions convince us that the district court did not err when it issued the involuntary mandatory income withholding order.

In *Bruning v. Swipies,* 498 N.W.2d 410, 411 (Iowa 1993), we held that workers' compensation benefits, *see* Iowa Code ch. 85, were not exempt from garnishment, attachment or execution, under Iowa Code section 627.13 (1991), when the benefits were levied upon by the child support recovery unit to satisfy an obligor's child support obligation.[2] The rationale for the decision was that the principal purpose of the exemption was to protect not only the employee but also the employee's dependents from claims of outside creditors. *See Bruning,* 498 N.W.2d at 411. We stated:

> It would be incongruous and unjust to hold that all of these exemptions from liability for ordinary debts should operate to the

---

**2.** In 1992, Iowa Code section 627.13 (1991) was amended to expressly provide an exception to the statute's general exemption language for "purposes of enforcing [an obligor's] child, spousal, or medical support obligations." *See* 1992 Iowa Acts ch. 1195, § 511; *Bruning,* 498 N.W.2d at 411 n. 1. The *Bruning* case, however, involved an interpretation of the statute prior to the amendment.

prejudice of the wife or children in a contest with the husband as to alimony and support money when the principal reason for the exemptions was to secure these dependents.

*Bruning,* 498 N.W.2d at 411 (quoting *In re Bagnall's Guardianship,* 238 Iowa 905, 940–41, 29 N.W.2d 597, 615 (1947)). In *Bagnall,* we held a similar exemption statute concerning veterans' pensions, Iowa Code section 627.8 (1946), was inapplicable in a divorce case. *Bagnall,* 238 Iowa at 935, 29 N.W.2d at 612. We concluded the following:

> It is definitely established by [court] decisions … that the exemption against execution or seizure by any legal process … [has] no application to awards or judgments of alimony granted to the wife of a divorced veteran. This is in accord with the *generally recognized rule and holding of the courts that statutes, which provide that property or payments of specified kinds are exempt from judgment execution or liability for debts, have no application in the award or collection of alimony or support for a wife or minor child.*

*Id.* (emphasis added).

In light of *Bruning* and *Bagnall,* we see no reason to distinguish between workers' compensation benefits, veterans' pensions and chapter 411 disability pensions for withholding purposes in dependent child support cases. We believe chapter 411 pension benefits were not intended solely to benefit the disabled employee, but were intended to benefit the employee's spouse and children as well. *See Faus v. Faus,* 319 N.W.2d 408, 411 (Minn.1982) (involving statute exempting pension from garnishment, execution or other legal process and preventing assignment of the pension by the pensioner; stating the purpose of such exemption laws is to preserve the pension proceeds for the entire family as opposed to outside creditors); *Courtney v. Courtney,* 251 Wis. 443, 29 N.W.2d 759, 762 (1947) (same).

In addition, *In re Marriage of Branstetter,* 508 N.W.2d 638 (Iowa 1993), supports petitioner Jane's argument. *Branstetter,* although not interpreting Iowa Code section 411.13 in connection with section 252D.8, stated section 411.13 has "very limited application" in divorce cases, in part due to its similarity to other exemption statutes. *Id.* at 640. We held section 411.13 did not prevent the district court from dividing the husband's chapter 411 disability pension as a part of the property settlement in the dissolution decree. *Id.* at 642.

We recognize the pension in the present case was earmarked and reached by the district court to be payable for child support, whereas in *Branstetter* we denominated the award of pension rights to the spouse as a property settlement. *Id.* We find this distinction insignificant in determining the legal validity of the withholding order in the present case. *See id.* ("Although the award of pension rights in this case was denominated as a "property" division, it is a lot like spousal support, and we believe the same rules should be applicable to both."). The essence of the *Branstetter* holding was to not allow a chapter 411 pension recipient to shield his or her benefits from equitable division as a portion of a property settlement with his or her spouse in a divorce case.

We believe, for the same policy reasons stated in *Bruning, Bagnall,* and *Branstetter,* that chapter 411 pension benefits earmarked by the district court as income for child support purposes may be involuntarily withheld pursuant to an order under section 252D.8 notwithstanding the section 411.13 exemption provision. This is because the section 411.13 language excepting the pension benefits from seizure simply does not apply in the dependent child support order context.

Our interpretation of section 411.13 is consistent with other statutes which currently do not shield income and earnings from child and spousal support obligations. For example, section 627.12 provides:

> The personal earnings of the debtor are not exempt from an order, judgment, or decree for the support, as defined in section 252D.1, of a child, nor from an installment of an order, judgment, or decree for the support of a child.

*See also id.* §§ 627.13 (1995) (workers' compensation exemption not applicable to enforcement of child support obligations), 97B.39 (Iowa Public Employees' Retirement

System benefits exemption not applicable to enforcement of child support obligations), 627.11 (personal earnings not exempted from spousal support judgment).

We have considered other arguments raised by the System and find them to be without merit.

IV. *Disposition.* We affirm the district court rulings that are challenged by the System. We agree with the district court's conclusion that Iowa Code chapter 411 disability benefits are subject to Iowa Code section 252D.8 mandatory income withholding orders for dependent child support despite the general exemption language found in section 411.13.

Petitioner Jane's application for appellate attorney fees is denied.

Costs on appeal are taxed to the System.

**AFFIRMED.**