STATE of Iowa ex rel. Chastity
LANKFORD, Appellant,

v.

Donald ALLBEE, Appellee.

No. 94–1079.

Supreme Court of Iowa.

Feb. 14, 1996.

Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, Rob-

ert R. Huibregtse, Assistant Attorney General, and Tina M. Meth–Farrington, County Attorney, for appellant.

Reta Noblett–Feld of University of Iowa Clinical Law Programs and Gerry L. White and Daniel Mulligan, Student Legal Interns, Iowa City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

The State seeks to attach appellant Donald Allbee's institutional allowance to satisfy Allbee's current and delinquent child support obligations. The State served the Iowa Men's Reformatory, where Allbee is an inmate, with a mandatory income withholding order. The district court sustained Allbee's motion to quash the order. The State appeals. We affirm.

I. *Background Facts and Proceedings.*

Allbee has a court-ordered support obligation to provide for his daughter, Chastity Lankford. He became delinquent in this obligation. So in 1987, the Child Support Recovery Unit (CSRU) of the Iowa Department of Human Services secured an order for mandatory income withholding. *See* Iowa Code § 252D.1 (1993). Under this order any employer or payor of Allbee was required to deduct a specified amount from Allbee's income to satisfy his current and delinquent support obligations. *See id.* § 252D.2(2).

In March 1994, CSRU served the Iowa Men's Reformatory with a copy of the mandatory income withholding order, seeking to obtain payment from Allbee's institutional allowance. *See id.* § 904.701 (permitting the director of a correctional facility to pay inmates an allowance). Allbee filed a motion to quash claiming that his institutional allowance did not fall within the terms of the order and any deduction from this allowance was not allowed by Iowa Code chapter 904 (1993). *See id.* § 252D.2(1).

The district court sustained Allbee's motion to quash. It concluded that the institutional allowance paid by the State to inmates was not "income" for purposes of mandatory income withholding under Iowa Code chapter 252D. The court also held that Iowa Code section 904.702, providing for the payment of institutional allowances, did not permit deductions from the allowance for the payment of child support.

II. *Scope of Review.*

 The State argues that because the issue of child support is involved our review is de novo. We need not decide whether the State is correct because even in cases tried in equity, our review of the construction of statutes is at law. *US West Communications, Inc. v. Office of Consumer Advocate,* 498 N.W.2d 711, 713 (Iowa 1993). Therefore, we must decide whether the district court's construction of chapters 252D and 904 was correct.

III. *Does an Inmate's Institutional Allowance Fall Within the Terms of Iowa Code Section 252D.1 (1993)?*

Iowa Code section 904.701 permits the director of a correctional facility to pay inmates "an allowance as the director deems proper in view of the circumstances." Iowa Code § 904.701 (1993). The statute specifically provides that the allowance "is a gratuitous payment and is not a wage arising out of an employment relationship." *Id.* Allbee claims that his allowance does not fall within the terms of section 252D.1.

Section 252D.1(2) allows the deduction of the sums specified in the mandatory income withholding order from the obligor's "periodic earnings, trust income, compensation, benefits, or other income." *Id.* § 252D.1(2). We conclude that Allbee's institutional allowance is a benefit and therefore, encompassed within the mandatory income withholding order.

Because chapter 252D does not define the term "benefits," we look to the ordinary and usual meaning of this term. *State v. Bush,* 518 N.W.2d 778, 780 (Iowa 1994). The term "benefit" is defined as a "payment" or a "gift." Webster's Third New Int'l Dictionary 204 (1993). Clearly, the "gratuitous payment" received by Allbee under section 904.701 falls within this definition.

IV. *Is the Mandatory Withholding of an Inmate's Allowance Permissible Under Iowa Code Section 904.702 (1993)?*

Iowa Code section 904.702 regulates the deductions that may be made from an inmate's allowance paid under section 904.701:

> If allowances are paid pursuant to section 904.701, the director may deduct an amount established by the inmate's restitution plan of payment or an amount sufficient to pay all or part of the court costs taxed as a result of the inmate's commitment.... The director may deduct an amount ... to be deposited into the inmate savings fund established in section 904.508.... The director may deduct and disburse an amount sufficient for industries' programs ... including an amount to pay all or part of the cost of the inmate's incarceration. The director may pay all or any part of remaining allowances paid pursuant to section 904.701 *directly to a dependent of the inmate,* or may deposit the allowance to the account of the inmate, or may deposit a portion and allow the inmate a portion for the inmate's personal use.

(Emphasis added.) This statute explicitly enumerates how any allowances received by an inmate may be disbursed by the director. Support payments are not one of the listed options. Moreover, the use of the word "may" indicates that the director has discretion to make any of the deductions permitted by section 904.702. *See Little v. Winborn,* 518 N.W.2d 384, 387 (Iowa 1994) (legislature's use of the word "may" in Iowa Code section 358A.8 indicated that act was permissible but not required). *Compare* Iowa Code § 4.1(30)(c) (1993) ("The word 'may' confers a power.") *with id.* § 4.1(30)(a) ("The word 'shall' imposes a duty.") *and id.* § 4.1(30)(b) ("The word 'must' states a requirement.").

Nevertheless, the State argues that the ability of the director to pay the allowance "directly to a dependent of the inmate" gives the director authority to honor the mandatory income withholding order. *See* Iowa Code § 904.702 (1993). We reject this argument. Payments *"directly* to a *dependent "* are not the same as the payment of child support obligations to the clerk of court as required by the order. If the legislature had intended that institutional allowances be used to meet the inmate's child support obligations it could have stated this intention, as it did elsewhere in chapter 904.

Iowa Code section 904.905 sets forth the deductions that may be made from the earnings of an inmate employed in the community under a work release program. The third priority out of four specified deductions that may be made is "[a]n amount the inmate may be legally obligated to pay for the support of the inmate's dependents...." *Id.* § 904.905(3). (This statute was amended in 1994 to make the payment of support obligations the first priority. 1994 Iowa Acts ch. 1142, § 12.)

■ We also observe that the legislature extensively amended section 904.702 in 1995. *See* 1995 Iowa Acts ch. 167, § 6. Amended section 904.702 *requires* the deduction that the State seeks here:

> The director *shall* also deduct from any remaining account balance an amount sufficient to pay all or part of any judgment against the inmate, including but not limited to judgments for taxes and *child support....*

*Id.* (emphasis added). When a material change is made in the language of a statute, we presume the legislature intended to alter the law. *State ex. rel Palmer v. Board of Supervisors,* 365 N.W.2d 35, 37 (Iowa 1985). We think the amendment to section 904.702 changed the law and requires the director to do what he was not permitted to do previously—deduct monies from an inmate's institutional allowance to pay the inmate's child support obligations.

V. *Resolution of the Conflict Between Section 252D.1 and Section 904.702.*

■ As our discussion indicates, section 252D.1 encompasses institutional allowances within the types of funds subject to a mandatory income withholding order. On the other hand, the director of a correctional institution has no authority under section 904.702 to deduct monies from an inmate's allowance to pay child support obligations. We think the conflict between these statutes must be resolved in favor of enforcing section 904.702.

A general principle of statutory construction assists our analysis: "When a general statute is in conflict with a specific one, the more specific statute generally prevails, irrespective of the time of its enactment." *Kelly v. State,* 525 N.W.2d 409, 411 (Iowa 1994). Here, section 904.702 governs the disbursement of a specific type of payment whereas section 252D.1 is concerned with a wide variety of payments to obligors. Thus, section 904.702, as the more specific statute, prevails in any conflict with section 252D.1.

We note that the rationale underlying our decisions in *In re Marriage of DeNuys,* 543 N.W.2d 894 (Iowa 1996), *Bruning v. Swipies,* 498 N.W.2d 410 (Iowa 1993), and *In re Bagnall's Guardianship,* 238 Iowa 905, 29 N.W.2d 597 (1947) is not present here. In those cases, we allowed the recovery of support obligations from funds protected by statute from collection efforts. We observed that these exemption statutes were intended to preserve the protected funds for the person receiving the benefits *and* his or her spouse and dependents. *DeNuys,* 543 N.W.2d at 898; *Bruning,* 498 N.W.2d at 411; *Bagnall,* 238 Iowa at 940, 29 N.W.2d at 615. We concluded that it would thwart the intended purpose of the exemption statutes to apply them in such as manner as to deny support to the very persons the statutes were designed to protect. *Id.* In contrast, we discern no purpose in section 904.702 to preserve an inmate's institutional allowance for his or her spouse or children. As already noted, the intended uses of these monies are specified in the statute and they do not include the payment of support obligations.

### VI. *Summary.*

The institutional allowances paid to inmates under Iowa Code section 904.701 are "benefits" within the scope of mandatory income withholding orders issued pursuant to Iowa Code section 252D.1 (1993). However, these allowances may not be used to pay Allbee's child support obligations because that use is not permitted under Iowa Code section 904.702 (1993). Therefore, the district court correctly sustained Allbee's mo-tion to quash the mandatory income withholding order served on the reformatory.

**AFFIRMED.**