Connie SMITH–PORTER, Appellant,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 97–1320.

Supreme Court of Iowa.

March 24, 1999.

James F. Elliott, Legal Services Corporation of Iowa, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Stephen C. Robinson, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

NEUMAN, Justice.

This appeal concerns an attempt by the Department of Human Services (DHS) to offset an overpayment of family investment program (FIP) benefits against a rent tax credit issued by the Iowa Department of Revenue in accordance with Iowa Code section 425.16 (1995). The question is whether the disability benefit exemption of Iowa Code section 627.6(8)(c) applies in this situation to protect a disabled person from the offset procedures. We conclude the exemption applies, thereby reversing a contrary decision by the district court.

The facts are undisputed. Appellant Connie Smith–Porter is a disabled person who has been receiving supplemental social security disability payments (SSI) since 1991. She is also a beneficiary of what were known as aid to dependent children (ADC) benefits but are now called FIP payments. In a separate proceeding, DHS determined it overpaid Smith–Porter by $751 in FIP benefits.

Based on her disability and meager income, Smith–Porter also qualified for an additional welfare benefit called a "rent tax credit." The name of the benefit is somewhat misleading. It is not, in fact, either a refund or a credit for taxes paid. Rather it is an annual sum payable to the poor or disabled who rent, rather than own, their residence. *See* Iowa Code § 425.19. The theory is that some portion of the rent paid by these poor and disabled persons goes toward property taxes but—unlike homeowners—renters receive no corresponding homestead exemption. Iowa Code section 425.19 attempts to rectify this inequality by authorizing eligible persons to receive an annual rent tax credit. Smith–Porter met the eligibility requirements.

Because of the $751 overpayment in FIP benefits, Smith–Porter's rent tax credit of $500 payable in 1996 was intercepted and applied toward the sum she owed DHS. The notice she received from the Overpayment Recovery Unit of the Iowa Department of Inspections and Appeals advised her that the intercept was authorized by Iowa Code sections 421.17(21) and (29) and several provisions of the Iowa Administrative Code. Section 421.17(21)(a)(3) permits the Department of Revenue "to set off against a debtor's *income tax refund* or rebate" any debt owed to the state for public assistance overpayments, including FIP assistance. (Emphasis added.) Section 421.17(29) authorizes the department

> [t]o establish and maintain a procedure to set off against *any* claim owed to a person by a state agency *any* liability of that person owed to a state agency ... except

the setoff procedures provided for in subsections 21, 23, and 25.

(Emphasis added.)

In a hearing before the agency, Smith–Porter contested the applicability of section 421.17(21) on the ground it applied only to income tax refunds. Conceding that subsection (29) might authorize the intercept, however, she argued the disability benefits provision of Iowa Code section 627.6(8) would exempt her rent tax credit from interception. That statute permits a resident of this state to hold exempt from execution "[t]he debtor's rights in ... [a] disability or illness benefit." Iowa Code § 627.6(8)(c).

An administrative law judge rejected Smith–Porter's contentions. Upon judicial review under Iowa Code chapter 17A, the district court affirmed the agency. This appeal by Smith–Porter followed.

## I. Scope of Review.

Our review of a district court's ruling on judicial review of agency action is at law. *Gaffney v. Department of Employment Servs.*, 540 N.W.2d 430, 433 (Iowa 1995). Where, as here, the dispute centers on interpretation of pertinent statutes, we owe the agency only limited deference. *Id.; Conoco, Inc. v. Iowa Dep't of Revenue & Fin.*, 477 N.W.2d 377, 379 (Iowa 1991).

## II. Analysis.

We first address Smith–Porter's contention that her rent tax credit cannot be set off against her FIP overpayment because section 421.17(21) permits such setoff only against income tax refunds. Her assertion is only partially accurate. By its terms, section 421.17(21) authorizes the Department of Revenue and Finance to set off public assistance overpayments against income tax refunds. DHS concedes on appeal that Smith–Porter's rent tax credit is not a form of income tax refund. It then asserts, and we agree, that section 421.17(21) simply has no bearing on the dispute before us, even though the initial DHS notice to Smith–Porter named the statute as authority for the setoff.

The real question is whether section 421.17(29)—also listed on the notice—authorized the intercept sought by DHS. Like the

district court, we are convinced it does. Contrary to the position taken by Smith–Porter, we believe the statute's reference to subsections (21), (23), and (25)—although awkward—enlarges, rather than restricts, the department's authority. These subsections empower the Department of Revenue to intercept income tax refunds when attempting to collect debts assigned to DHS (subsection 21), due on a student loan (subsection 23), or payable to a clerk of court (subsection 25). But the focus of section 421.17(29) is on *procedures,* not classes of debts, as Smith–Porter suggests. Thus, under subsection (29), if the department elects to exercise the offset against other than an income tax refund—even if attempting to collect debts listed in subsections (21), (23), or (25)—it must follow the procedures prescribed in subsection (29), rather than those prescribed for income tax offsets.

Our interpretation of section 421.17 is reinforced by the administrative rules implementing the statute. Iowa Administrative Code rule 701–150.2(2) states:

> Agencies may collect debts under the provisions of Iowa Code subsection 421.17(29) through the pre-audit offset system. Exercise of setoff under the provisions of Iowa Code section 421.17(29) is not limited to the income tax refund offset system. Exercise of the provisions under Iowa Code section 421.17(29) allows an agency to set off an amount owed to a state agency by a person or entity against any refund, credit, rebate, or other claim owed to the person or entity. *Departments utilizing the income tax refund offset system under the provisions of Iowa Code subsection 421.17(21)* which allows for the recovery of child support, foster care, and public assistance payments; Iowa Code subsection 421.17(23) which allows for the recovery of guaranteed student or parental loans; and Iowa Code subsection 421.17(25) which allows for the recovery of criminal fines, civil penalties, surcharges, and court costs, *may also utilize this offset system to collect debts due.*

(Emphasis added.)

■ That brings us to Smith–Porter's fall back argument. She contends that even if section 421.17(29) authorizes the offset sought here, she can claim the general exemption for disability payments provided by Iowa Code section 627.6(8). This is so, she argues, because the rent tax credit is, in fact, a form of disability payment. Countering her argument, DHS contends the rent tax credit is merely a type of "welfare grant," no more than "an extension of the homestead tax credit to renters." Moreover, DHS argues, the broadly worded statutory offset procedures prevail over the general exemption statute.

We are convinced Smith–Porter has the better argument. She qualified for the rent tax credit because she is totally disabled and met the income guidelines. *See* Iowa Code §§ 425.17(2)(a) (defining claimant as person "totally disabled"), 425.17(11) (defining "totally disabled"). If she were not totally disabled, she could make no claim to the entitlement because she fits none of the other statutory categories—over sixty-five, a surviving spouse, or head of household. *See* Iowa Code §§ 425.17(2)(a), (b) (defining "claimant"). For this reason we reject DHS's convenient renaming of the payment to "welfare grant." Ascribing such a generic title in no way detracts from the payment's true purpose—to benefit a disabled person.

■ We likewise reject DHS's claim that the offset procedures of section 421.17 prevail over the general exemption provisions of chapter 627. The administrative regulations implementing the statutory offset procedure dictate the opposite conclusion. Rule 701–150.2(3) of the Iowa Administrative Code, captioned "Inclusions in and exclusions from setoff," provides as follows:

> This offset system may be used to collect any debt described in rule 150.1(421). *However, some claims against the state or state agencies on behalf of certain persons are made from funds exempt from collection and are thus unavailable for offset.* Some of the funds exempt from collection may include, *but are not limited to,* the Iowa promotion boards, office of the governor of the state of Iowa, the Iowa legislature, the Iowa public employment retirement system, the Iowa peace officers' retirement system, the Iowa judi-

cial retirement system, the centralized payroll system for the state of Iowa, the Iowa college aid default collections, Iowa human services assistance payments, Iowa worker's compensation except for child support recovery, and any payment under the minimum amount eligible for offset as set forth in department of revenue and finance rules.

(Emphasis added.) It is true that "rent tax credit" is not one of the items on the "consolidated listing of payment sources unavailable for offset" identified by the agency. *See* Iowa Admin. Code r. 701–150.2(3). An agency cannot by rule, however, expand or limit authority granted by statute. *Sommers v. Iowa Civil Rights Comm'n,* 337 N.W.2d 470, 475 (Iowa 1983); *see* Iowa Code § 17A.19(8)(a) (court shall grant relief if agency action violates statute).

We have also considered the cases advanced by DHS, and relied on by the district court, which have narrowed the availability of chapter 627 exemptions where unpaid child support or alimony is at issue. *See, e.g., Bruning v. Swipies,* 498 N.W.2d 410, 411 (Iowa 1993); *Shepherd v. Shepherd,* 467 N.W.2d 237, 240 (Iowa 1991); *In re Bagnall's Guardianship,* 238 Iowa 905, 940, 29 N.W.2d 597, 615 (1947); *In re Marriage of Schonts,* 345 N.W.2d 145, 147 (Iowa App.1983); see also *Sorenson v. Secretary of Treasury,* 475 U.S. 851, 864–65, 106 S.Ct. 1600, 1608–09, 89 L.Ed.2d 855, 868 (1986) (in context of federal tax intercept program, vigorous collection of unpaid child support outweighs welfare recipient's competing claim to earned income credit). We do not find these decisions controlling or even helpful. The case before us does not involve the policy-laden prioritizing involved in child support collection. Moreover, Smith–Porter's position in the litigation before us cannot be fairly compared to the debtors in the cited cases who attempted to wield the exemption as a sword rather than a shield.

■ We are mindful that Smith–Porter has been overpaid by DHS. The agency may rightfully seek reimbursement for that sum. It is not without legitimate means to do so. We simply hold that the summary offset procedures of section 421.17(29) do not over-

ride the exemption available under section 627.6(8) when the funds sought to be intercepted are disability payments. That is the case here. We must, accordingly, reverse the contrary finding of the district court and remand for entry of judgment in Smith–Porter's favor.

**REVERSED AND REMANDED.**