**IN THE COURT OF APPEALS OF IOWA**

No. 13-1900
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ARCHIE ROBERT BEAR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Poweshiek County, Joel D. Yates,

Judge.


        Archie Bear appeals from the district court's denial of his motion to amend

a restitution plan.  **AFFIRMED.**


        Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, Special Litigation Division, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Archie Bear appeals from the district court's denial of his motion to amend a restitution plan. He contends his portion of the settlement that resulted from a class action lawsuit between his Indian tribe and the federal government constitutes funds that are exempt from the restitution plan ordered in connection with his criminal case, pursuant to both 25 U.S.C. § 410 (2012) and Iowa Code section 904.702(1) (2013). We conclude neither statute exempts settlements of the type received by Bear from being collected by the Iowa Department of Corrections (DOC) to satisfy a restitution order, as allowed by Iowa Code section 904.702. Consequently, we affirm the order of the district court.

On February 28, 2000, Bear was convicted of murder in the second degree. As part of his sentence, he was ordered to pay restitution, and on September 18, 2000, the DOC established a restitution plan wherein 20% of all credits in Bear's prison account would be applied to the plan. Bear received $1000 in December 2012, which is the first of two $1000 payments to which he is entitled after his tribe settled with the federal government, following a lawsuit alleging the tribe's trust accounts were mishandled.

On October 3, 2013, Bear filed a motion for hearing to amend the restitution plan. He challenged the seizing of these funds by asserting that, because he received the money from his tribe, under both Iowa and federal statutes these funds were not eligible to apply to a restitution plan.[1] An

---

[1] Bear asserted this in his pro se brief within the context of the motion for hearing, stating: "Bear believes that before restitution is deducted from his Individual Indian

unreported hearing was held on November 12, 2013, and the district court denied Bear's motion. Bear appeals.

We review constitutional issues de novo and statutory interpretations for correction of errors at law. *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996).

The ability of the DOC to deduct funds from an inmate's account is governed by Iowa Code section 904.702, which states in part: "The director shall deduct from the inmate account an amount established by the inmate's restitution plan of payment." Iowa Code § 904.702(1).

We agree with Bear these funds are the prisoner's personal property, and a hearing must be held before the DOC may remove any money so as to satisfy due process. *Walters v. Grossheim*, 525 N.W.2d 830, 831–32 (Iowa 1994). However, Iowa Code section 904.702 does not preclude the deduction of funds from his institutional account because Bear received the funds in question as a result of the federal government's settlement with his tribe. Rather, this statute governs restitution plans and the type of judgments for which the DOC may deduct money from the inmate's account.

Bear further asserts that federal law prohibits the collection of this money by the DOC. He relies on 25 U.S.C. § 410, which states:

> No money *accruing from any lease or sale of lands* held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his

---

Money, that the taking requires he be giving [sic] not only notice, but also followed by an opportunity to challenge the decision by hearing."

minority, except with the approval and consent of the Secretary of the Interior.

25 U.S.C. § 410 (Emphasis added.)  We note that, to the extent federal law conflicts with state law, the federal law prevails.  *See Ackerman v. Am. Cyanamid Co.*, 586 N.W.2d 208, 211 (Iowa 1998).  However, this statute only exempts from a money judgment funds received from the sale or lease of Indian lands, and the lawsuit from which Bear received money was a settlement due to the federal government's mismanagement of trust accounts.  Therefore, this statute is inapplicable to Bear's case.

For these reasons, we affirm the order of the district court denying Bear's motion to amend the restitution order.

**AFFIRMED.**