# IN THE COURT OF APPEALS OF IOWA

No. 18-0330
Filed July 24, 2019

**STATE OF IOWA, ex rel., I.M. and S.A.,**
    Plaintiff-Appellee,

**vs.**

**DARRELL L. McBRIDE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


A prison inmate appeals a district court order denying his motion to quash income-withholding orders for back child support obligations. **AFFIRMED.**


Darrell L. McBride, Anamosa, self-represented appellant.

Thomas J. Miller, Attorney General, and Kevin E. Kaufman, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Darrell McBride, an inmate at the Anamosa State Penitentiary, appeals the district court's rejection of his motion to quash income-withholding orders obtained by the Child Support Recovery Unit (CSRU). On appeal, McBride argues he was denied due process and equal protection. Because his district court filings did not advance any constitutional arguments, he did not preserve those issues for our review. Given the undeveloped claims, we must affirm.

Central to this appeal is the fact McBride owes back child support in two Iowa collection cases. Under Iowa Code chapter 252D (2003), the CSRU obtained orders in 2003, 2005, and 2006, determining McBride had a legal obligation to pay child support and requiring deductions from his income. Those orders showed arrears for one child (S.M.A., born in 1990) exceeded $16,000 (DRCV085194) and arrears for another child (I.U.M., born in 2005) were $643.83 (DRCV285797).[1] The orders notified McBride that he could move to quash if he detected an error in the amount being withheld.

More than a decade later, in 2016, McBride started a prison sentence he estimates will last between six and thirty years. In January 2018, McBride moved to quash the income-withholding orders. In his motions, filed without an attorney, he acknowledged owing back child support. But he highlighted his "income restrictions" by attaching printouts showing he received only $15.77 per month in prison wages. In a second filing, McBride wrote he had done some legal research and "found that my payments could be lowered to $5 a month."

---

[1] McBride asserts he is subject to a Nebraska child support order for a third child, but he cannot challenge that out-of-state order in this appeal.

The CSRU resisted McBride's motions to quash, maintaining the income-withholding orders complied with state law and administrative rules. *See generally State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 641 (Iowa 1996) (explaining amendment to Iowa Code section 904.702 (1994) "changed the law and requires the director to do what he was not permitted to do previously—deduct monies from an inmate's institutional allowance to pay the inmate's child support obligations"). The CSRU resistance emphasized its order instructed the employer not to withhold more than fifty percent of McBride's net disposable wages.

At the same time, the CSRU agreed the Iowa Administrative Code (IAC) allows for a "hardship review" of monthly withholding amounts. But the CSRU countered McBride's motion by noting, "As far as the IAC allowing payments to be lowered to $5.00, what the IAC actually provides is that, if hardship criteria are met, the monthly payment would be no lower than $5.00." *See* Iowa Admin. Code r. 441-98.24(1)(c)(2) (2018).[2]

The district court denied McBride's motion to quash for the reasons outlined by the CSRU. McBride appeals.

If this appeal raised a question of how to construe the withholding provisions of Iowa Code section 252D.1 (2003), we would review for the correction of legal error.[3] *See Allbee*, 544 N.W.2d at 640 ("[E]ven in cases tried in equity, our review

---

[2] Effective February 2019, "the amended amount shall not be less than $15 per month." Iowa Admin. Code r. 441-98.25(2)(b).

[3] McBride's brief raises only one issue: whether he was "denied due process and equal protection of the law concerning a 'motion to quash.'" The CSRU response sets out two issues: (1) McBride's constitutional claims and (2) whether the district court's denial of McBride's motion to quash was warranted. On the second point, the CSRU concedes McBride "may have preserved the issue of whether [the] district court could have modified the amount of the monthly withholding for past-due support from his inmate account." We find McBride fails to adequately present the second issue on appeal. *See* Iowa R. App.

of the construction of statutes is at law."). If we could reach McBride's constitutional claims, we would review de novo. *See State v. Biddle*, 652 N.W.2d 191, 200 (Iowa 2002).

But we must reject McBride's claims he was denied due process and equal protection "for want of preservation." *See Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998). "Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal*." In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003). Because McBride did not object to the withholding orders on constitutional grounds below, he has not presented us with a viable issue to review.

**AFFIRMED.**

---

P. 6.903(2)(c), (g)(3) (requiring briefs set out separate statements for each issue and a corresponding argument); *see also Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").